UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND SPORTS NETWORK, L.P., <br><br> Plaintiff, <br><br> v. <br><br> ALLEY INTERACTIVE LLC (CT), ARIEL LEGASSA, <br><br> Defendants, | Civil Action No. 22-CV-10024 |

**AFFIDAVIT OF MARY BREITER IN SUPPORT OF PLAINTIFF'S EX-PARTE MOTION FOR APPROVAL OF
TRUSTEE PROCESS FOR ATTACHMENT OF BANK ACCOUNTS**

I, Mary Breiter, state as follows:

1.  I am the Vice President of Finance, Controller at New England Sports Network, L.P. ("NESN"), 480 Arsenal Way, Building #1, Watertown, MA 02472.

2.  I am responsible for overseeing all financial activities, including financial planning and analysis, and preparing accounting and financial results and reporting.

3.  At all relevant times, Defendant Ariel Legassa was employed by Plaintiff NESN as the Vice President of Digital. In this capacity, Legassa was responsible for, among other things, sourcing vendors to complete digital projects for NESN, and sourcing, supervising, and authorizing payment for such vendors.

4.  Starting at least in January 2021, Legassa was negotiating with Alley Interactive LLC, a New York entity located at 228 Park Ave. S. #85467, New York, NY 10003-1502 ("Alley NY"). The negotiations were for Alley NY to provide software and web development in connection with the launch of a new project. Legassa provided NESN

with budget forecasts estimating that the work provided by Alley NY would cost in excess of $1 million.

5.  According to a document NESN obtained from the Connecticut Secretary of State, on February 11, 2021, while he was engaged in negotiations with Alley NY, Legassa formed a Connecticut business entity, Alley Interactive LLC (i.e., the exact same name as Alley NY), identifying its business address as 680 E. Main Street #729, Stamford, CT 06901 ( "Alley CT"). [*see* Exhibit A to Pl.'s Complaint]

6.  Legassa is, according to the Connecticut Secretary of State's files, the principal and a member of Alley CT.

7.  According to the Connecticut Secretary of State's files, the registered email associated with the Defendant Alley CT is alleyinteractivellc@gmail.com.

8.  Alley CT is not a subsidiary of, nor is it associated with, Alley NY.

9.  Shortly after forming Alley CT on February 11, 2021, Legassa finalized on NESN's behalf an agreement with Alley NY.

10. On March 3, 2021, NESN signed a Master Services Agreement and an associated statement of work ("SOW #1") with Alley NY. [*see* Exhibit B to Pl.'s Complaint]

11. Legassa signed the Master Services Agreement and SOW #1 on behalf of NESN in his capacity as Vice President of Digital.  The following day, he sent invoices from Alley CT totaling $110,000 for approval by NESN, even though NESN had no contract with Alley CT.

12. On April 8, 2021, Legassa emailed NESN's Accounts Payable department, asking it to establish two separate accounts for Alley, one for Alley NY, which has a valid and

existing contract with NESN, and another for Alley CT, which has no contract with NESN and which is entirely controlled by Legassa. [*See* Exhibit C to Pl.'s Complaint]

13. Specifically, Legassa claimed that Alley NY had "two entities working together but separately incorporated. They plan to merge the two entities at the end of the year, and they asked me to please create a separate account and send payment separately until then."

14. Legassa provided the Accounts Payable department with a separate address for Alley CT (the address identified in the Connecticut Secretary of State filing) and provided an EIN number, which NESN now believes to be fake.

15. Based on Legassa's misrepresentations, NESN created two accounts in its Accounts Payable system, one for Alley NY and one for Alley CT. Legassa requested that the Alley NY account be designated as "Web Development," which is consistent with the agreements NESN has in place with Alley NY. He requested that the account for Alley CT be designated as "4K Engineering."

16. At various times between March 3, 2021 and January 5, 2022, Legassa sent NESN's Accounts Payable department invoices purportedly from Alley CT for payment by NESN. As VP of Digital, Legassa had authority to approve invoices relating to digital media, and he sent these invoices at various times from his personal and NESN email addresses.

17. The invoices from the Alley CT are identical to invoices NESN received from Alley NY in all respects (including in the use of Alley NY's trademark design) except that Alley NY invoices include the mailing address for Alley NY and information about how to make a payment directly to Alley NY's Chase account; whereas Alley CT

invoices include the Connecticut address controlled by Legassa and lacked any bank account or routing information. [*Compare* Exhibit D and Exhibit E of Pl.'s Complaint]

18. Between March 3, 2021 and January 3, 2022, Legassa approved invoices from Alley CT totaling $672,500, of which NESN paid $575,000. [*See* Exhibit E to Pl.'s Complaint]. In that same period, NESN paid Alley NY in excess of $400,000 for services actually rendered by Alley NY.

19. On or about January 4, 2022, NESN became aware for the first time that Alley CT was owned and controlled by Legassa and that Alley CT was not in fact related in any way to Alley NY.

20. To the best of my information and belief, NESN received no benefit or services for work Legassa claimed was done by Alley CT, and NESN has no reason to believe Alley CT actually performed any services for NESN.

21. In a January 6, 2022 phone call with me and counsel for NESN, Legassa conceded that the statements he made to NESN's Accounts Payable department in his April 8, 2021 email were not true. In particular, Legassa admitted that Alley CT was created by him, had no relation to Alley NY, and Alley NY not only had no plans to merge with Alley CT, Alley NY had no idea that Alley CT existed. In other words, the information he provided to NESN to support the establishment an account for Alley CT was false.

22. When pressed about why he created a company in February 2021 that had the *exact* same name as an entity with which he was then negotiating on NESN's behalf, Legassa claimed "Alley Interactive LLC" was a "common name," which it plainly is not.

23. NESN terminated Legassa on January 6, 2022.

24. Checks issued by NESN to Alley CT were deposited into Alley CT's Santander Bank account Routing Number 231372691, Account Number 3573724396.

25. NESN knows of no liability insurance available to satisfy any judgment against the defendants in this action.

26. To the best of my knowledge, information, and belief, if Legassa and Alley CT are alerted to this action, there is a clear danger that they will attempt to remove or conceal the funds paid by NESN to the Santander Bank account, or, alternatively, that they will dissipate the funds paid by NESN to the Santander Bank account.

Signed under the penalties of perjury on the 7th day of January 2022.

/s/ Mary Breiter
Mary Breiter[1]


/s/ Christopher Morrison
Christopher M. Morrison, BBO# 651335
Email: cmorrison@jonesday.com
JONES DAY
100 High Street, 21st Floor
Boston, MA 02110
Telephone: (617) 9603939
Facsimile: (617) 449-699

---

[1] Pursuant to this Court's ECF Procedures, the filing attorney shall retain the original for future production, if necessary, for two (2) years after the expiration of the time for filing a timely appeal."