UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND SPORTS NETWORK, L.P., <br><br> Plaintiff, <br><br> v. <br><br> ALLEY INTERACTIVE LLC (CT); ARIEL LEGASSA; NILDA LEGASSA, <br><br> Defendants. | Civil Action No. 22-CV-10024-ADB |

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR FRAUD, CONVERSION, UNFAIR AND DECEPTIVE BUSINESS PRACTICES, AND FRAUDULENT TRANSFER**

In this action, Plaintiff New England Sports Network, L.P. ("NESN") seeks to recover for, among other things, fraud, conversion, and misappropriation from Ariel Legassa ("Legassa"), its former Vice President of Digital and Alley Interactive LLC, a shell company created by him, and Nilda Legassa ("Mrs. Legassa"). NESN has substantial internal financial controls to guard against fraud and misappropriation. Nevertheless, as is described more fully herein, NESN recently discovered that Legassa, abusing his fiduciary position within the company, created that shell company with an identical name to an actual NESN vendor and, through that shell company, improperly converted at least $575,000.

## INTRODUCTION

1. Plaintiff New England Sports Network, L.P. ("NESN") brings this action to recover damages in an amount to be determined at trial, but in no event less than $575,000, for funds improperly paid to Defendant Alley Interactive LLC ("Alley CT"), an entity formed by Defendant Ariel Legassa in Connecticut.

2. Legassa was employed as Vice President of Digital at NESN from September 2019 until January 6, 2022. He was responsible for, among other things, sourcing, supervising, and approving payment to vendors to work on projects for NESN. One such vendor used by NESN is Alley Interactive LLC , a New York entity ("Alley NY").

3. While NESN legitimately engaged Alley NY for a number of business purposes related to software development, and rightfully paid Alley NY for its services, Legassa simultaneously manufactured and approved at least eleven invoices to the Connecticut entity he created with the same name, Alley CT. In total, NESN paid at least $575,000 to Alley CT.

4. After this action was commenced, upon information and belief, Legassa fraudulently transferred at least $80,000 to his wife's, Mrs. Legassa's, account at the American Broadcast Employees Federal Credit Union in an attempt to avoid an order of attachment by trustee process of the funds.

## PARTIES

5. NESN is a limited partnership organized under the laws of Massachusetts. NESN is a regional sports network in New England that creates and distributes New England sports content. NESN is located at 480 Arsenal Way, Building #1, Watertown, MA 02472.

6. Ariel Legassa is an individual who lives in Burlington, Connecticut.

7. Nilda Legassa is an individual who lives in Burlington, Connecticut.

8. Alley Interactive LLC (CT) is a Connecticut Limited Liability Company, formed on February 11, 2021 by Legassa, with a mailing address at 680 E. Main Street #729, Stamford, CT 06901.

**JURISDICTION AND VENUE**

9. This Court has jurisdiction over the parties pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

10. This Court has personal jurisdiction over Defendants under Fed. R. Civ. P. 4 and under M.G.L. c. 223A, §§ 1-3 because Defendants have committed the fraudulent and otherwise tortious acts alleged in this Complaint in Massachusetts and/or have solicited business or improperly derived substantial revenue from NESN through unfair and deceptive business practices here.

11. Venue is proper in the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to these claims occurred within the District of Massachusetts.

**FACTUAL BACKGROUND**

12. NESN is a well-known regional sports network in New England dedicated to creating and distributing New England sports content.

13. Between September 2019 and January 6, 2022, Defendant Ariel Legassa was employed by Plaintiff NESN as the Vice President of Digital. In this capacity, Legassa supervised a team of approximately two dozen employees, and he was responsible for, among other things, sourcing vendors to complete digital projects for NESN, and sourcing, supervising, and authorizing payment for such vendors.

14. At least as early as January 2021, Legassa was negotiating on NESN's behalf with Alley Interactive LLC, a New York entity located at 228 Park Ave. S. #85467, New York, NY

10003-1502 ("Alley NY"). The negotiations were for Alley NY to provide software and web development in connection with the launch of a new product.

15. On February 11, 2021, while he was engaged in negotiations with Alley NY, Legassa formed a Connecticut business entity, Alley Interactive LLC (i.e., the exact same name as Alley NY), identifying its business address as 680 E. Main Street #729, Stamford, CT 06901 ("Alley CT"). [*See* Exhibit A]

16. Legassa is, according to the Connecticut Secretary of State's files, the principal and a member of Alley CT.

17. According to the Connecticut Secretary of State's files, the registered email associated with the Defendant Alley CT is alleyinteractivellc@gmail.com.

18. Alley CT is not a subsidiary of, nor is it associated with, Alley NY. Alley NY was not aware of Alley CT when it was formed in Connecticut.

19. Shortly after forming Alley CT on February 11, 2021, Legassa finalized on NESN's behalf an agreement with Alley NY.

20. On March 3, 2021, NESN signed a Master Services Agreement and an associated statement of work ("SOW #1") with Alley NY. [*See* Exhibit B]

21. Legassa signed the Master Services Agreement and SOW #1 on behalf of NESN in his capacity as Vice President of Digital. The following day, he sent invoices from Alley CT totaling $110,000 to NESN's Accounts Payable department for payment, even though NESN had no contract with Alley CT. As is described below, these invoices were manufactured to appear almost exactly the same as invoices from Alley NY.

22. On April 8, 2021, Legassa emailed NESN's Accounts Payable department, asking it to establish two separate accounts for "Alley," one for Alley NY, which has a valid and

existing contract with NESN, and another for Alley CT, which has no contract with NESN and which is entirely controlled by Legassa.  [*See* Exhibit C]

23. Specifically, Legassa falsely claimed that Alley NY had "two entities working together but separately incorporated. They plan to merge the two entities at the end of the year, and they asked me to please create a separate account and sent payment separately until then."

24. Legassa provided the Accounts Payable department with a separate address for Alley CT (the address identified in the Connecticut Secretary of State filing) and provided an EIN number.

25. Based on Legassa's misrepresentations, NESN created two accounts in its Accounts Payable system, one for Alley NY and one for Alley CT.  Legassa requested that the Alley NY account be designated as "Web Development," which is consistent with the agreements NESN has in place with Alley NY.  He requested that the account for Alley CT be designated as "4K Engineering."

26. At various times between March 3, 2021 and January 5, 2022, Legassa sent NESN's Accounts Payable department at least eleven invoices purportedly from Alley CT for payment by NESN.  As VP of Digital, Legassa had authority to approve invoices relating to digital media, and he sent these invoices at various times from his personal and NESN email addresses.

27. The invoices from the Alley CT are identical to invoices NESN received from Alley NY in all respects (including in the use of Alley NY's trademark design) except that Alley NY invoices include the mailing address for Alley NY and information about how to make a payment directly to Alley NY's Chase account; whereas Alley CT invoices include the

Connecticut address controlled by Legassa and lacked any bank account or routing information. [*Compare* Exhibit D and Exhibit E]

28. Between March 3, 2021 and January 3, 2022, Legassa approved invoices from Alley CT totaling $672,500, of which NESN paid at least $575,000. [*See* Exhibit E] In that same period, NESN paid Alley NY more than $400,000 for services actually rendered by Alley NY.

29. On or about January 4, 2022, NESN became aware for the first time that Alley CT was owned and controlled by Legassa and that Alley CT was not in fact related in any way to Alley NY.

30. Upon information and belief, NESN received no benefit or services for work Legassa claimed was done by Alley CT, and NESN has no reason to believe Alley CT actually performed any services for NESN.

31. In a January 6, 2022 phone call with Mary Breiter, VP of Finance, Controller at NESN, and counsel for NESN, Legassa conceded that the statements he made to NESN's Accounts Payable department in his April 8, 2021 email were not true. In particular, Legassa admitted that Alley CT was created by him, had no relation to Alley NY, and Alley NY not only had no plans to merge with Alley CT, Alley NY had no idea that Alley CT existed. In other words, the information he provided to NESN to support the establishment of an account for Alley CT was false.

32. When pressed about why he created a company in February 2021 that had the exact same name as an entity with which he was then negotiating on NESN's behalf, Legassa claimed "Alley Interactive LLC" was a "common name," which it plainly is not.

33. Legassa, a senior NESN executive with authority to approve valid vendor invoices, used this deliberate scheme to create a fake "Alley Interactive LLC" entity with the

6

same name as an approved NESN vendor in order to evade the company's policies and internal controls designed to ensure the validity of all payments made to third parties.

34. NESN terminated Legassa on January 6, 2022.

35. Checks issued by NESN to Alley CT were deposited into Alley CT's Santander Bank account Routing Number 231372691, Account Number 3573724396.

36. Upon information and belief, after the commencement of this action, Legassa fraudulently transferred at least $80,000 to an account held by his wife, Nilda Legassa, at ABE Federal Credit Union.

## FIRST CAUSE OF ACTION
### Fraud By Defendants Alley Interactive LLC (CT) and Ariel Legassa

37. NESN hereby incorporates by reference each and every allegation set forth in the preceding paragraphs, as though fully set forth herein.

38. Alley CT and Legassa, through various communications and invoices submitted to NESN, referenced herein, have made one or more false statements to NESN.

39. These false statements were made intentionally, and with knowledge of their falsity.

40. These false statements were material, causing NESN to pay Alley CT at least $575,000 for services it never contracted for and, to the best of its knowledge, information, and belief, never received.

41. These false statements were made with the purpose of inducing NESN to rely on them, evidenced by Legassa creating Alley CT—an entity with the same name as Alley NY—while he was simultaneously negotiating a contract with Alley NY for software and web development services.

42.     NESN did, in fact, reasonably rely on these false statements and has been damaged thereby in an amount to be proven at trial, but in no event less than $575,000.

## SECOND CAUSE OF ACTION
### Conversion/Misappropriation By Alley Interactive LLC (CT) and Ariel Legassa

43.     NESN hereby incorporates by reference each and every allegation set forth in the preceding paragraphs, as though fully set forth herein.

44.     Alley CT and Legassa both intentionally and wrongfully exercised control of NESN's property through Legassa's actions, which wrongly diverted NESN's funds to Alley CT.

45.     Alley CT and Legassa converted at least $575,000 of NESN's funds for their own uses and without cause.

46.     NESN has never contracted with Alley CT and to the best of its knowledge, information, and belief received no services or benefit from Alley CT.

47.     By virtue of Defendants' intentional and wrongful exercise of control of NESN's property, NESN suffered damages in an amount to be determined at trial, but in no event less than $575,000.

## THIRD CAUSE OF ACTION
### Unfair and Deceptive Business Practices By Alley Interactive LLC (CT)

48.     NESN hereby incorporates by reference each and every allegation set forth in the paragraphs, as though fully set forth herein.

49.     Alley CT is a "person" within the meaning of Mass. Gen. Laws ch. 93A § 1(a),engaged in business or commerce within the Commonwealth of Massachusetts by virtue of its submission of invoices and receipt of payments from NESN, a Massachusetts entity.

50.     Alley CT's actions as described herein constitute an unfair and deceptive business practice within the meaning of Mass. Gen. Laws ch. 93A § 2.

51.     As a result of Alley CT's unfair and deceptive business practices in Suffolk County, NESN suffered damages in an amount to be determined at trial, but in no event less than $575,000.

## FOURTH CAUSE OF ACTION
### Fraudulent Transfer By Defendants Ariel Legassa and Nilda Legassa

52.     NESN hereby incorporates by reference each and every allegation set forth in the paragraphs, as though fully set forth herein.

53.     Upon information and belief, Legassa fraudulently transferred at least $80,000 to the ABE Federal Credit Union account belonging to his wife, Nilda Legassa, in attempts to avoid attachment by trustee process of the funds, in violation of Mass. Gen. Laws ch. 109A § 5.

54.     Upon information and belief, Legassa had the actual intent to hinder, delay, or defraud NESN from obtaining an attachment by trustee process of the funds.

55.     In the alternative, upon information and belief, Legassa made the transfer without receiving the reasonably equivalent value of the property in exchange and, after the transfer, Legassa did not have enough assets to pay expected creditors.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff NESN requests that the Court order relief as follows:

1.     Granting Plaintiff NESN's damages in an amount to be determined at trial, but in no event less than $575,000;

2.     Awarding Plaintiff NESN reasonable costs and expenses incurred in this action, including, to the extent applicable, counsel fees permitted by Mass. Gen. Laws ch. 93A § 11;

3.     Awarding Plaintiff NESN avoidance of the fraudulent transfer in accordance with Mass. Gen. Laws ch. 109A § 8(a)(1).

4. Enjoining all Defendants against further disposition of the at least $80,000 fraudulently transferred in accordance with Mass. Gen. Laws ch. 109A § 8(a)(3)(i).

5. Granting Plaintiff NESN all other and further relief, legal or equitable, that this Court deems proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), NESN demands a trial by jury for all claims so triable.

Respectfully submitted,

NEW ENGLAND SPORTS NETWORK, L.P.

By its attorney,

/s/ Christopher M. Morrison

Christopher M. Morrison, BBO# 651335
Email: cmorrison@jonesday.com
JONES DAY
100 High Street, 21st Floor
Boston, MA 02110
Telephone: (617) 9603939
Facsimile: (617) 449-6999

Dated: January 19, 2022