UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND SPORTS NETWORK, L.P., <br><br> Plaintiff <br><br> v. <br><br> ALLEY INTERACTIVE LLC (CT), ARIEL LEGASSA, NILDA LEGASSA, <br><br> Defendants. | No. 22-CV-10024-ADB |

**REPLY MEMORANDUM IN SUPPORT OF NILDA LEGASSA'S
MOTION TO DISMISS THE AMENDED COMPLAINT**

Realizing the dearth of allegations against Nilda, NESN tries to attribute Ariel's actions to her as if they are the same person.  NESN may be able to demonstrate that the Court has personal jurisdiction over Ariel and that it can state a fraudulent transfer claim against him, but that says nothing about Nilda.  Indeed, NESN focuses on Ariel and his conduct because it makes no allegations concerning Nilda.  She is a Connecticut resident with no ties to Massachusetts and no involvement (even alleged involvement) in her husband's alleged fraud.  The Amended Complaint should be dismissed with prejudice for lack of personal jurisdiction and failure to state a claim for fraudulent transfer.

**ARGUMENT**

The Court must dismiss the fraudulent transfer claim against Nilda for lack of personal jurisdiction.  For the Court to have personal jurisdiction over Nilda, NESN must establish that its claim arises out of *Nilda's* business transactions in the Commonwealth or *Nilda's* actions causing tortious injury in the Commonwealth.  NESN does not and cannot allege that its claim arises out

of any action by Nilda.  Its Opposition focuses solely on Ariel's alleged conduct, which does not

grant this Court personal jurisdiction over Nilda.  For example, NESN claims that Ariel worked

for NESN in Massachusetts, defrauded it, and transferred money into Nilda's account.  Dkt. 12 at

¶¶ 13, 30, 53.  Nilda, who lives and works in Connecticut, was at best a passive recipient of funds

into her Credit Union account, which was not located in Massachusetts.  *Id.* at ¶¶ 4, 7.  Nor was

she aware of or a participant in Ariel's alleged transfer.

The *Cossart* case does nothing to salvage NESN's claim.  As NESN acknowledges in its

Opposition, the defendant in *Cossart* tried to solicit business in Massachusetts with a

Massachusetts resident.  Opp'n at 6.  Here, there was no attempt – successful or otherwise – by

Nilda to transact any business in Massachusetts.  She works in Connecticut.  She was not involved

with NESN, Ariel's alleged fraud, or Alley CT.  Nor can NESN claim that the Court has

jurisdiction over Nilda because the alleged transfer was a "but for" cause of its harm.  Opp'n at 7.

The long-arm statute allows the Court to exercise jurisdiction over a person as to a cause of action

arising from *the person's* transaction of business in Massachusetts.  G.L. ch. 223A, § 3.  *The*

*person's* transaction must be a but for cause of the harm alleged.  *Cossart v. United Excel Corp.*,

804 F.3d 13,18 (1st Cir. 2015).  The mere allegation of a transfer does not suffice for personal

jurisdiction over Nilda under the transacting business prong, especially here where NESN alleges

that Ariel made the transfer and does not allege any knowledge or participation by Nilda.  Dkt. 12

at ¶ 53.

NESN's passing reference to other grounds for jurisdiction under the long-arm statute

similarly fail.  It argues that the Court has jurisdiction under the "causing tortious injury" or

deriving "substantial revenue" prongs of the statute because she accepted funds from Ariel.  Opp'n

at 5.  Again, NESN does not allege that Nilda took or failed to take any action which caused

tortious injury in Massachusetts.  The Court lacks jurisdiction over Nilda under the "substantial revenue" prong for the same reasons.  That prong provides for jurisdiction over a defendant who caused tortious injury in the Commonwealth and derived substantial revenue from goods or services rendered in the Commonwealth.  G.L. ch. 223A, § 3(d).  Nilda did not cause tortious injury to NESN, nor did she derive substantial revenue from goods or services rendered in the Commonwealth.  NESN claims that the transferred funds were proceeds of Ariel's fraud for which NESN received no benefit or service.  Dkt. 12 at ¶ 30.

NESN again improperly conflates Nilda and Ariel in its analysis of the Due Process Clause. It bears the burden to establish that (1) its claim relates to or arises out of *Nilda's* forum-state activities, (2) *Nilda's* in-state contacts demonstrate purposeful availment of the privilege of conducting activities in the forum state, and (3) the exercise of jurisdiction is reasonable.  *Kuan Chen v. United States Sports Academy, Inc.*, 956 F.3d 45, 54 (1st Cir. 2020).  No matter how NESN contorts the Complaint, it is evident that its claim does not arise out of any activity by Nilda in Massachusetts and Nilda did not purposely avail herself of the privilege of conducting activities here.  NESN has identified no basis for the Court to exercise jurisdiction over Nilda.  Nor is the exercise of jurisdiction reasonable.  Ariel and Nilda are simply husband and wife – they are not one in the same.  For example, the fact that Ariel used to work in Massachusetts says nothing of Nilda's burden to appear.  She works in Connecticut and lives there with her children.  The interests of Massachusetts, NESN, and the judicial system in the dispute also have nothing to do with Nilda. NESN points to Ariel's alleged fraud in support of these factors, but it does not allege that Nilda committed any fraud, knew of any transfer, or participated in any transfer.  Therefore, the reasonableness factors do not support the exercise of jurisdiction over Nilda.

Dismissing NESN's claim against Nilda for lack of personal jurisdiction comports with principles of equity. NESN, a large corporation with significant resources, is not without a remedy upon dismissal. It is perfectly capable of pursuing remedies outside of its home state, which would not be "unfair and illogical." Opp'n at 7. Indeed, the only offensive outcome would be to force Nilda to appear in Massachusetts to defend herself in a lawsuit in which she is not alleged to have had any involvement or taken any action. Her presence here is not reasonably foreseeable, especially when she lives and works in Connecticut and was not involved with any of her husband's alleged business activities.

Even if NESN could meet its burden to show that the Court has personal jurisdiction over Nilda, it cannot state a claim against her for fraudulent transfer. Contrary to NESN's claims, what matters at this stage is not Nilda's "story" but its own lack of allegations against her. NESN fails to allege that Nilda "accepted the transfers of assets with knowledge of [Ariel's] fraudulent intent." *Hoult v. Hoult*, 2002 WL 1009378, at *7 (D. Mass. May 13, 2002). It does not claim that Nilda was aware of the transfer, Ariel's alleged fraud while employed at NESN, or his formation of Alley CT. Instead, it pleads the bare minimum: "Upon information and belief, [Ariel] fraudulently transferred at least $80,000 [to Nilda's Credit Union Account]." Dkt. 12 at ¶ 53. These allegations are insufficient to state a claim against Nilda.

NESN's alternative theory of fraudulent transfer is equally deficient. It alleges that Ariel transferred money to Nilda without receiving reasonably equivalent value in exchange and did not have enough assets to pay NESN, its expected creditor. *Id*. at ¶ 55. This claim fails because NESN makes no factual allegations regarding Ariel's purported insolvency. *In re: NESV ICE, LLC et al.,* 2022 WL 586136, at *8 (Bankr. D. Mass. Feb. 25, 2022) (dismissing claim where there were "no allegations regarding solvency other than conclusory allegations tracking the elements of the

claims"). In fact, related pleadings, incorporated by NESN into its briefing, indicate that Ariel is not insolvent and has sufficient assets to pay creditors. NESN notes that Ariel posted title to two cars and his private plane as security for his bond. Opp'n at 2. Therefore, NESN cannot state a fraudulent transfer claim under this alternative theory.

## CONCLUSION

For the reasons set forth in her Memoranda in Support of her Motion to Dismiss, Nilda respectfully requests that the Court dismiss NESN's Amended Complaint with prejudice.


Date: March 17, 2022                                Respectfully submitted,

                                                    NILDA LEGASSA

                                                    By her attorneys,

                                                    */s/ Christina N. Lindberg*
                                                    Tracy A. Miner, BBO No. 547137
                                                    tminer@msdefenders.com
                                                    Christina N. Lindberg, BBO No. 690443
                                                    clindberg@msdefenders.com
                                                    Miner Siddall LLP
                                                    101 Federal Street, Suite 650
                                                    Boston, MA 02110
                                                    Tel.: (617) 202-5890

<u>**CERTIFICATE OF SERVICE**</u>

I, Christina N. Lindberg, hereby certify that the foregoing document was served by ECF on counsel for the Plaintiff on March 17, 2022.


                                    */s/ Christina N. Lindberg*
                                    Christina N. Lindberg