UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| NEW ENGLAND SPORTS NETWORK, L.P., <br>    Plaintiff <br><br> v. <br><br> ALLEY INTERACTIVE LLC (CT), and ARIEL LEGASSA, <br>    Defendants | ) ) ) ) ) ) ) ) ) ) | Criminal No.   22-CV-10024-ADB |

**Motion For Order Compelling Response To
Request for Production of Documents**

Defendant Ariel Legassa "Legassa" hereby moves for an order compelling plaintiff New England Sports Network, L.P. ("Plaintiff" or "NESN") to respond to Defendant Ariel Legassa's First Request For Production of Documents (the "Document Request"). The Document Request was delivered to NESN by email and mail on July 19, 2022. For the reasons set forth below, the court should order NESN to provide responses and produce all responsive material forthwith.

**Argument**

Although the Federal Rules of Civil Procedure provide generally that a party may not seek discovery prior to the first Rule 26(f) conference, the court has authority to order a party to respond to discovery requests before the Rule 26(f) conference. *See* Fed. R. Civ. P. 26(d)(1) ("[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except … when authorized … by court order").

Rule 26(d) also expressly permits delivery of "Early Rule 34 Requests" any time more than 21 days after service of the complaint and summons and before the first Rule 26(f)

conference. *See* Fed. R.Civ. P. 26(d)(2)(A). Subsection (2)(B) provides that a document request so-delivered is deemed served "at the first Rule 26(f) conference." Fed. R. Civ. P. Rule 26(d)(2)(B). *See DiLeo v. United Rentals (N. Am.), Inc.*, Civil No. 15-cv-40157-TSH, at *5 (D. Mass. July 9, 2018).

In combination, these provisions of Rule 26 permit early delivery of Rule 34 document requests and give the court authority to require the receiving party to respond prior to the first Rule 26(f) conference. An order directing NESN to respond forthwith and before a Rule 26(f) conference is appropriate here for the following reasons.

First, NESN is the plaintiff. It controlled and chose when to bring suit, what to allege, and how to litigate. Despite the requirement in Rule 26(f) that the parties confer as soon as practicable, NESN has made no effort to do so since it filed suit nearly ten full months ago. In July, a week after receiving the document request, NESN's counsel advised that it viewed the Document Request as "premature" since the parties had not yet satisfied their Rule 26(f) obligations, but NESN made no effort then, or since, to confer with Legassa. NESN's counsel, one of the biggest and most successful law firms in the world, certainly has thought about and planned for how to conduct discovery in a suit it brought. NESN's lawyers undoubtedly have reviewed NESN documents, including Legassa's emails and other records relevant to NESN's claims. NESN would have had to put its ducks in a row even before it filed suit in order to report Legassa's alleged theft to the Untied States Attorney's Office, which has brought a criminal complaint.

Second, Legassa needs prompt access to the materials he has identified in the Document Request to prepare and bolster his defense. Legassa does not have an army of lawyers like NESN

has. He is represented by a sole practitioner. He cannot afford more than that in part because NESN obtained attachments by trustee process and the government then seized the only liquid assets Legassa had. It will take Legassa and his counsel considerable time and effort to review what NESN produces in response to the Document Request.

Third, under the circumstances here, NESN's insistence on strict adherence to the rules would be putting form over substance to Legassa's detriment. The Document Request has been appropriately "delivered" under the rules. The court has express authority to deem the Document Request "served" and to require a response by NESN before the parties confer as required by Rule 26(f). Early service and response will cause no hardship for or prejudice to NESN. Sooner or later it will have to respond to the Document Request. Legassa is not going to withdraw it. The earlier that NESN produces documents, the earlier other discovery can proceed, and the earlier this case can be set for trial or resolved.

For all of the foregoing reasons, the court should order NESN to respond forthwith to the Document Request.

### Certificate of Compliance With Local Rule 7.1(a)(2)

Undersigned counsel hereby certifies that he has conferred with Plaintiff's counsel by emails on August 24, 2022 and has attempted in good faith to resolve or narrow the issues presented in this motion. The issues set forth above remain unresolved.

**Request For Hearing**

Legassa requests a hearing on this motion at the court's earliest convenience.

Respectfully submitted,

ARIEL LEGASSA,
 by his attorney

/s/ *E. Peter Parker*
E. Peter Parker
 B.B.O. #552720
Law Office of E. Peter Parker
33 Bradford St
The Wheelhouse at Bradford Mill
Concord, MA  01742
(617) 742-9099
peter@parkerslaw.com

Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on October 4, 2022.

/s/ *E. Peter Parker*
E. Peter Parker