UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND SPORTS NETWORK, L.P.,<br><br>Plaintiff,<br><br>v.<br><br>ALLEY INTERACTIVE LLC (CT); ARIEL LEGASSA,<br><br>Defendants. | Civil Action No. 22-CV-10024-ADB |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL AND
CROSS-MOTION TO STAY PROCEEDINGS**

Defendant Ariel Legassa created Alley LLC (CT) (collectively "Legassa" or "Defendants") for the sole purpose of embezzling hundreds of thousands of dollars from New England Sports Network, L.P. ("NESN"). After NESN uncovered the scheme, Legassa was indicted on seven counts of mail fraud and three counts of money laundering. *See United States v. Legassa*, Case No. 1:22-CR-10038 (D. Mass.) at Dkt. No. 1.[1]

Immediately after uncovering Legassa's fraud, NESN made a report to the United States Attorney's Office and filed this action in order to protect its interests and secure an attachment to prevent Legassa from secreting the money he stole. Unfortunately, NESN secured only a fraction of its losses. Within days, the USAO filed a Complaint, which was unsealed on February 2, 2022. On February 17, 2022, a Grand Jury returned an indictment against Legassa.

Despite being criminally prosecuted by the United States, Legassa brought unfounded, inflammatory counterclaims against NESN and its executives in a futile attempt to shift focus

---

[1] This court can take judicial notice of the docket in a related case. *See Maher v. Hyde*, 272 F.3d 83, 86 n.3 (1st Cir. 2001); *E.I. du Pont de Nemours & Co. v. Cullen*, 791 F.2d 5, 7 (1st Cir. 1986).

from his wrongdoing. He also tried to litigate this matter in the press through his attorney's press releases in violation of L.R. 83.2.1.

Most recently, on September 6, Legassa sent inappropriate emails to members of NESN's Board of Directors, copying his counsel, and trying to induce them into dismissing this suit in exchange for information he claimed to have developed while in NESN's employ regarding NESN's digital capabilities. *See* Exs. 1, 2.

Meanwhile, the criminal matter has proceeded apace. In a Final Status Report, Legassa certified that "[a]ll discovery requests have been made and resolved to date; the defendant does not anticipate making any further discovery requests." *United States v. Legassa*, Case No. 1:22-CR-10038 (D. Mass.) at Dkt. No. 49. Judge Talwani has scheduled a Pre-trial Conference for October 26, 2022, at which time the parties expect to set a trial date.

## I.  THE COURT SHOULD STAY PROCEEDINGS UNTIL RESOLUTION OF LEGASSA'S CRIMINAL CASE.

A conviction or guilty plea in the criminal matter would resolve the issues in this case; and a sentence would, in all likelihood, include an order compelling the return of the misappropriated funds. Accordingly, in the interests of justice and efficiency, this Court should stay this case pending the resolution of Legassa's criminal case, which is expected in the near term. *Microfinancial, Inc. v. Premier Holidays Intern., Inc.*, 385 F.3d 72, 77 (1st Cir. 2004) ("It is apodictic that federal courts possess the inherent power to stay proceedings for prudential reasons"). The pendency of a parallel or related criminal proceeding makes a stay prudential here. *Id.*; *Hewlett-Packard Co. v. Berg*, 61 F.3d 101, 105 (1st Cir. 1995).

The factors this Court must consider when deciding whether to stay a civil proceeding that parallels a pending criminal case all counsel in favor of a stay. First among these is whether the matters overlap. *Green v. Cosby*, 177 F. Supp. 3d 673, 679 (D. Mass. 2016) (staying civil

case because allowing it to proceed would jeopardize defendant's Fifth Amendment rights); *see also S.E.C. v. TelexFree, Inc.*, 52 F. Supp. 3d 349, 352 (D. Mass. 2014). In *TelexFree*, Judge Gorton stayed a civil action in favor of a pending criminal case, holding that doing so would "rely on identical witnesses, evidence and financial data" and (2) "the criminal proceedings [were] already well under way." 52 F. Supp. 3d at 352. This Court should reach the same conclusion.

The other factors laid out by the First Circuit in *Microfinancial, Inc.* compel the same result:

- NESN prefers, in the interests of justice and efficiency, a stay;[2]

- Allowing the cases to proceed in tandem imposes a significant burden on Legassa and other witnesses (including his wife) who would be forced to testify multiples times and (presumably) invoke privileges that would give rise to adverse inferences in favor of NESN;

- A stay is more convenient for the Court, because the parties in the criminal case have reported it as ready for trial;

- There are no interested third parties, other than perhaps Mrs. Legassa;

- The public interest favors preserving Court resources, an interest best served if Legassa's trial-ready criminal matter proceeds;

- Discovery has not yet begun in this case, and neither party has acted in good or bad faith in that respect, whereas the criminal matter has proceeded through discovery and is ready for trial.

*See Microfinancial, Inc.*, 385 F.3d at 78 (describing the factors that courts must consider in deciding whether to stay proceedings).

Finally, Legassa's behavior suggests that he wrongly believes he has some leverage over NESN, and that he is intent on using the civil case to dissuade NESN from active participation in

---

[2] In virtually all the reported cases, Defendant sought a stay and Plaintiff opposed it. Here, NESN prefers to await the resolution of the criminal case.

his criminal trial.  For example, on September 6, Legassa sent a grossly inappropriate email, copying his court-appointed counsel in the criminal matter who represents Legassa here, to the most senior members of NESN's Board in a ploy to "trade" information that lawfully belongs to NESN in exchange for NESN's dismissing its suit against him.  *See* Ex. 1.  Even after being directed to cease all communications to NESN and its related entities, Legassa then sent *another* email to another NESN's Board member.  *See* Ex. 2.

Moreover, in his criminal matter, Legassa sought the return of $46,000 seized by the government *directly to him* (and not the credit union account from which it was seized and on which NESN retains an attachment).  The clear purpose of this request was to circumvent this Court's June 10 order requiring that funds returned to Legassa's credit union would remain subject to this Court's attachment.  *United States v. Legassa*, Case No. 1:22-CR-10038 (D. Mass.) at Dkt. No. 56.[3]

## II. THE COURT SHOULD DENY PLAINTIFF'S MOTION TO COMPEL.

For similar reasons, the Court should reject Legassa's attempt to obtain premature discovery in contravention of Federal Rule of Civil Procedure 26(d)(1).  Rule 26(d)(1) is clear: a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), with limited exceptions that are not applicable to this case.  Fed. R. Civ. P. 26(d).

Here again, it is generally a plaintiff who seeks expedited discovery; here, NESN prefers a stay in favor of the trial-ready criminal matter.  In considering Legassa's request, the Court

---

[3] Magistrate Judge Hennessey was appropriately skeptical of Legassa's view on this matter:

> NESN agreed to release only part of the funds subject to the January 19 Attachment. Moreover, the January 19 Attachment governs not only the 4170 Account, but any accounts held by Legassa and Nilda at the Credit Union. *See* New England Sports Network, Dkt. No. 10. The parties, including Legassa, accepted that if the United States relinquished control of the $46,000 to the Credit Union, it was to remain subject to the Attachment. Having received a $30,000 benefit, there is tension between Legassa's stipulated agreement, and his pursuit of the funds by another means.

*United States v. Legassa*, Case No. 1:22-CR-10038 (D. Mass.) at Dkt. No. 57, p. 9.

should consider, among other things, the purpose of the discovery and its likelihood to preclude demonstrated irreparable harm. *McMann v. Doe*, 460 F. Supp. 2d 259, 265 (D. Mass. 2006).

Legassa has no special purpose for this discovery—his First Requests for Production, while fatally vague and overbroad, are those that parties seek in the ordinary course of litigation. He also has not shown—or even argued—that he would suffer irreparable harm unless allowed to proceed with his premature discovery requests. As this Court has previously noted in deciding NESN's motions for attachment by trustee process, NESN is likely to succeed on the merits. Dkt. Nos. 7, 10, 13.

By contrast, the burden of this premature discovery on NESN is high at this stage in the proceedings. Legassa will face trial soon in his criminal matter for the same conduct that forms the basis of the claims in this case. If convicted, Legassa will be estopped from re-litigating certain issues in this Court, potentially obviating the necessity or relevance of his untimely discovery requests. *See, e.g., TelexFree, Inc.*, 52 F. Supp. 3d at 353 (noting that defendants, once convicted on criminal charges, would be estopped from re-litigating issues decided against them). In the (unlikely) event that Legassa is acquitted in the criminal case, the parties can follow the normal course of convening a Rule 26 conference and obtaining a scheduling conference and discovery order with this Court.

Legassa's complaints about why the Court should permit his premature discovery are not based in law and do not merit a response. Still, NESN points out that Legassa has never tried to schedule a Rule 26 conference. It does not matter that NESN is the plaintiff in this action; Legassa served his First Requests for Production without attempting to first meet and confer as required by the rules. Further, Legassa's attorney's actions undermine the argument that, as a

sole practitioner, he needs more time to analyze discovery.[4]  The same day he served the motion to compel, Legassa's attorney emailed a proposed discovery plan that suggested the parties complete discovery by December 30, 2022.  It cannot be the case that Legassa's attorney both needs extra time to analyze discovery but also waited almost three months to pursue that discovery and now proposes an end-of-year discovery cutoff.  Denying Defendants' premature discovery is a far cry from putting form over substance, as argued by Legassa; rather, the Rules exist for a reason, and Legassa has provided no lawful or legitimate basis as to why he should be permitted to pursue discovery prematurely.

### III. CONCLUSION

For the foregoing reasons, NESN asks that this Court deny Legassa's motion to compel a response to his First Requests for Production, and that the Court grant NESN's motion to stay proceedings pending the outcome of Legassa's criminal case.

Dated: October 18, 2022

Respectfully Submitted,

NEW ENGLAND SPORTS NETWORK, L.P.,

By Its Attorneys,

*/s/ Christopher M. Morrison*
Christopher M. Morrison (BBO # 651335)
cmorrison@jonesday.com
Jenna L. LaPointe (BBO #699045)
jlapointe@jonesday.com
Jacob E. Morse (BBO # 709512)
jacobmorse@jonesday.com
JONES DAY
100 High Street, 21st Floor
Boston, MA  02110.1781
Telephone:+1.617.960.3939

---

[4] As is noted above, Legassa's counsel here is also his court-appointed defense attorney in the criminal matter.  If the discovery he seeks here is relevant at all to this matter, one would have expected him to serve a subpoena in the criminal case, which is far more advanced in terms of trial preparation.  No such subpoena was served, and the fair inference is that, having represented to the Court that discovery was complete in the criminal case, he now seeks discovery in this case for use there.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on October 18, 2022, the foregoing was filed through the Court's ECF system and will be sent electronically to the registered participants.

<u>/s/ Christopher M. Morrison</u>
Christopher M. Morrison

<u>CERTIFICATE OF CONSULTATION</u>

I hereby certify that, consistent with Local Rule 7.1(a)(2), I have conferred with Defendant's Counsel and has attempted in good faith to resolve or narrow the issues presented in this motion.

<u>/s/ Christopher M. Morrison</u>
Christopher M. Morrison
