UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND SPORTS   ) | |
| NETWORK, L.P.,   ) | |
|    Plaintiff   ) | |
| ) | |
| v.   ) | Criminal No.   22-CV-10024-ADB |
| ) | |
| ALLEY INTERACTIVE LLC (CT), and   ) | |
| ARIEL LEGASSA,   ) | |
|    Defendants   ) | |

**Opposition to Plaintiff's Cross-motion to Stay Proceedings**

Defendant Ariel Legassa "Legassa" hereby responds to the Cross-Motion to Stay Proceedings filed by Plaintiff New England Sports Network ("NESN") (the "Stay Motion"). NESN brought the stay motion after Legassa sought to compel NESN's response to a request for production of documents. The court should not permit NESN to evade its discovery obligations in a lawsuit it chose to bring at the time it selected for filing. Instead, the court should deny the stay motion, promptly set a discovery schedule, and require NESN to participate in discovery like any other plaintiff who brings a civil lawsuit is required to do.

**Argument**

NESN asserts that once it suspected that Legassa allegedly stole money from it, NESN made a report to the United States Attorney's Office (the "USAO"). *See* Stay Motion at 1. The USAO promptly indicted Legassa based on NESN's allegations and a criminal case is pending in this court. *See United States v. Legassa*, 22-CR-10038-IT. NESN also tacitly admits that there was no reason for it to file its own civil action at the time it made the report to the USAO and that it could have simply stood by while the criminal case ran its course, done nothing, and get

repaid pursuant to a restitution order that would issue upon Legassa's conviction in the criminal case. *Id*. at 2 ("A conviction or guilty plea in the criminal matter would resolve the issues in this case; and a sentence would, in all likelihood, include an order compelling the return of the misappropriated funds").

Nevertheless, NESN chose to file its own civil lawsuit alleging that Legassa stole NESN's money. Perhaps NESN did not anticipate that Legassa would aggressively litigate the civil case. Most defendants are afraid to do so when there is a parallel criminal proceeding against them. But Legassa has not been afraid to litigate this case. He filed a counterclaim and successfully negotiated the dismissal of his wife, Nilda Legassa, whom NESN had baselessly included as a party defendant in this matter, and litigated the return of all money attached by NESN that had not been seized by the government in the criminal case. *See* Dkt. No. 59, Stipulation and Proposed Order Partially Dissolving Attachment. Legassa then sought discovery, which NESN refused to provide, hiding behind a procedural rule and claiming that Legassa's request for production of documents is premature.

Even though it is one of the most valuable sports franchises in the world, perhaps NESN has gotten tired of paying the attorneys fees of its lawyers at Jones Day, one of the world's biggest law firms.  NESN's counsel has informed undersigned counsel on several occasions that Jones Day would withdraw as soon as NESN could identify and retain successor counsel. If avoiding or minimizing attorneys fees is the reason for NESN's loss of appetite for this law suit, or whatever the reason is, the court should not allow the motion for stay.

None of the factors NESN cites in the Stay Motion counsel for a stay. In the primary case on which NESN relies, a criminal defendant moved for the stay of a parallel civil case because

allowing the civil case to proceed would jeopardize his Fifth Amendment rights. *See* Stay Motion at 2-3, citing *SEC v. Telexfree,* Inc., 52 F.Supp. 3d 349, 352 (D. Mass. 2014). While Legassa appreciates NESN's concern that Legassa's constitutional rights not be infringed, Legassa is the best judge of how to prevent that.

NESN also claims that allowing the civil case to proceed would impose a significant burden on Legassa and his wife. Again, Legassa appreciates NESN's concern over the burden its lawsuit imposes on the Legassa family. But taking multiple depositions is an empty threat from a party who does not even want to pay its lawyers to comply with written discovery requests. There is little chance that NESN could or would proceed with depositions any time soon. Especially if it has to pay Jones Day rates to do so and to defend against Legassa's depositions of NESN executives.

NESN also claims that a stay would conserve judicial resources, but its approach to date shows that it is not concerned with making work for the court. First, it filed a lawsuit it now recognizes was unnecessary since it expects to be made whole at the conclusion of the criminal case. Then it refused to provide written discovery, which generated a motion to compel by Legassa, NESN's motion to stay, and this response. Given NESN's recalcitrance, Legassa will now have to file a motion in the criminal case for a Rule 17 subpoena returnable in advance of trial for the same materials it has sought from NESN in this case. NESN's approach has been the antithesis of the preservation of judicial resources about which it now suddenly purports to care.

NESN also seems to suggest that Legassa does not need discovery at all and that a stay is appropriate because the parties have reported in the criminal case that discovery is complete. *See* Stay Motion at 2. This belies a complete misunderstanding of the discovery process in a criminal

case. As the court knows, a defendant can obtain in a criminal case only discovery in the possession, custody, or control of the government. Materials in the possession, custody, or control of third parties must be obtained by subpoena outside of the formal discovery process. To say that the parties in a criminal case have completed the formal discovery process is not to say that a criminal defendant does not need or cannot get discovery from a third party. Indeed, a criminal defendant has the Sixth Amendment constitutional right to obtain third party materials by compulsory process.[1]

Finally, NESN's assertion that "Legassa's behavior suggests that he wrongly believes he has some leverage over NESN and he is intent on using the civil case to dissuade NESN from active participation in his criminal trial" is befuddling. It is also nonsense. NESN and Jones Day are the proverbial howitzer going after a fly. Legassa has been stripped of almost all of his assets. He is represented by a sole practitioner he cannot even afford to pay in the criminal case. He and his counsel must not only stand up to the power of NESN in the civil case, they must simultaneously take on the entire might of the federal government in the criminal case. That NESN could think that *Legassa* or anyone in his situation could believe that he has leverage over NESN or could somehow intimidate NESN is beyond ridiculous.

If NESN does not want to participate in the civil suit it chose to bring and if, on second thought, NESN would rather wait to see how the criminal case plays out, there is a simple solution. NESN should dismiss the civil case. Unless and until it does so, the court should

---

[1] At the most recent status conference in the criminal case, Legassa's counsel alerted the court that given NESN's response to Legassa's discovery request in this case, Legassa likely would have to seek a Rule 17 subpoena returnable prior to trial in the criminal case.

require that NESN participate like any other litigant who brings a lawsuit and that it start by providing the discovery that Legassa has requested.

                Respectfully submitted,

                ARIEL LEGASSA,
                 by his attorney

                /s/ *E. Peter Parker*
                E. Peter Parker
                 B.B.O. #552720
                Law Office of E. Peter Parker
                33 Bradford St
                The Wheelhouse at Bradford Mill
                Concord, MA  01742
                (617) 742-9099
                peter@parkerslaw.com

### Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on November 2, 2022.

                /s/ *E. Peter Parker*
                E. Peter Parker