UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

NEW ENGLAND SPORTS NETWORK, L.P.,

         Plaintiff,

    v.

ARIEL LEGASSA; ALLEY INTERACTIVE
LLC (CT),

         Defendants.

Civil Action No. 22-CV-10024-ADB

## EMERGENCY MOTION TO COMPEL DISCLOSURE OF PASSWORDS

Pursuant to Federal Rule of Civil Procedure 37(a)(3)(A), Plaintiff New England Sports Network, L.P. ("NESN") moves to compel disclosure of passwords to the NESN-issued devices used by Defendant Ariel Legassa's ("Legassa") during his employment at NESN.  In support of its motion, NESN states the following:

1.      After his termination in January, 2022, Legassa returned several devices to NESN that he used while employed at the company (the "NESN Devices").[1]  NESN has evidence that Legassa used a computer, believed to be one of the NESN Devices, to create the fraudulent invoices that are the subject of this case.  The NESN Devices have remained secured and have not been powered on since that date.  To the best of NESN's information and belief, each of the NESN devices is locked with a password created by Legassa and known only to Legassa.

2.      On November 2, 2022, Legassa opposed a request to stay this action, writing: "Perhaps NESN did not anticipate that Legassa would aggressively litigate the civil case. … But Legassa has not been afraid to litigate this case." (Docket No. 68 at 2)

---

[1] These devices include four Apple iPhones, two Samsung phones, one Windows laptop, one Apple MacBook Pro, two Apple iPads, one USB drive, and one Amazon Echo Show.

3.      On November 17, 2022, the Court issued an order denying NESN's motion to stay, writing: "The Court will not stay a case in this posture, at Plaintiff's request, over the objections of a Defendant," and further ordering the parties to submit a joint scheduling order by December 1, 2022. (Docket No. 69)

4.      On December 1, 2022, the Court entered a further Order, noting "The Court fully expects that once a discovery schedule is entered, both parties will make every effort to comply with the discovery deadlines included therein."  (Docket No. 71)

5.      On December 12, 2022, the Court entered a scheduling order providing that the parties will serve their initial disclosures by January 6, 2023 and will serve requests for production and interrogatories by February 15, 2023.

6.      Legassa has never served his initial disclosures required by the very schedule he requested.

7.      On December 23, NESN served its initial disclosures together with its First Set of Interrogatories, First Set of Requests for Production, First Set of Requests for Admission, and a Notice for Legassa's deposition.  The time for Legassa's response to this discovery has passed, and NESN has requested a Rule 7.1 conference, following which it expects to move to compel responses.

8.      NESN served its written response to Defendants' document requests on December 30, 2022.  Included among the broad requests served by Legassa are documents that are (or are reasonably believed to be) on the NESN Devices.

9.      Despite agreeing to a schedule providing that Defendants will serve initial disclosures by January 6, 2023, Legassa has neither served initial disclosures nor responded to NESN's discovery requests, including request for production, interrogatories, and requests for

admission.  Pending a Rule 7.1 conference, NESN will file an appropriate motion in the near term.

10.     In order to comply with this Court's order, NESN has engaged an ESI vendor to collect electronically stored information from NESN's own systems as well as the NESN Devices.

11.     On January 20, Legassa's counsel agreed to provide NESN with passwords to the NESN devices as well as proposed search terms to respond to subpoenas he served in the criminal matter pending against his client.  The scope of those subpoenas is identical to Legassa's document requests.

12.     On January 23, Legassa's counsel changed course, and informed NESN that he would not provide the passwords required to search those devices and respond to his document requests, which specifically include a request for all emails and text messages sent by Legassa. He also refused to cooperate with NESN's production by suggesting search terms.

13.     Legassa is, simply put, trying to game the system.  He successfully opposed a stay in this case in favor of the broad, bilateral discovery provided in civil litigation, but now seeks to avoid his obligations by hiding behind the pending criminal matter.  Even if he invokes Constitutional protections to avoid testimonial discovery, NESN is aware of no Constitutional protections that allow him to avoid cooperation in documentary discovery in this civil case.[2] NESN has an absolute right to ascertain what responsive documents are stored on the NESN Devices and whether Legassa intentionally spoliated evidence before their return.

14.     Legassa has no legitimate basis to withhold the passwords to NESN Devices, and

---

[2] Even in the criminal case, there are circumstances under which a defendant may be compelled to decrypt a password protected device.  *E.g., United States v. Spenser*, 2018 WL 1964588 (N.D. Cal. Apr. 26, 2018) ("But a rule that the government can never compel decryption of a password -protected device would lead to absurd results.").

the Court should compel disclosure of these passwords.  *See Advantage Inspection Intern., LLC v. Sumner*, 2007 WL 2973518, at *2 (D.S.C. Oct. 9, 2007) (compelling disclosure of passwords necessary to access relevant evidentiary sources).

For these reasons, NESN respectfully requests an Emergency Order compelling the disclosure of the passwords necessary to access the NESN Devices.


Dated: January 25, 2023

Respectfully Submitted,

NEW ENGLAND SPORTS NETWORK, L.P.,

By Its Attorneys,

*/s/ Christopher M. Morrison*
Christopher M. Morrison (BBO # 651335)
cmorrison@jonesday.com
Jenna L. LaPointe (BBO #699045)
jlapointe@jonesday.com
Jacob E. Morse (BBO # 709512)
jacobmorse@jonesday.com
JONES DAY
100 High Street, 21st Floor
Boston, MA  02110.1781
Telephone:+1.617.960.3939

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on January 25, 2023, the foregoing was filed through the Court's ECF system and will be sent electronically to the registered participants.

*/s/ Christopher M. Morrison*
Christopher M. Morrison

<u>CERTIFICATE OF CONSULTATION</u>

I hereby certify that, consistent with Local Rule 7.1(a)(2), I conferred with Defendants' Counsel by phone on January 20, 2023 and by email on January 23, 2023, and have attempted in good faith to resolve or narrow the issues presented in this motion.

*/s/ Christopher M. Morrison*
Christopher M. Morrison