UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| NEW ENGLAND SPORTS NETWORK, L.P., | ) ) | |
|     Plaintiff | ) ) | |
| v. | ) ) | Criminal No.   22-CV-10024-ADB |
| ALLEY INTERACTIVE LLC (CT), and ARIEL LEGASSA, | ) ) | |
|     Defendants | ) | |

**Opposition to Plaintiff's Emergency Motion to Compel Disclosure of Passwords**

Defendant Ariel Legassa ("Legassa") hereby responds to the disingenuous and misleading Emergency Motion to Compel Disclosure of Passwords (the "Emergency Motion") filed by Plaintiff New England Sports Network ("NESN"). NESN has completely distorted recent communications between the parties which, if accurately reported, show that NESN has assented to Legassa's written request for a continuance to February 17, 2023 to respond to all of the written discovery requests NESN has served - including a specific request that Legassa provide passwords for electronic devices he used while he was a NESN employee. NESN could not possibly be confused about this because the communications are in writing. The only reasonable explanation for it is that NESN has set out to deliberately mislead this court.

Unless and until Legassa declines to produce passwords when he responds to NESN's interrogatory seeking same, there is there is no dispute for the parties to confer about or for the court to resolve. This issue will be moot if Legassa produces passwords in response to the interrogatory. There is no independent basis in law requiring that Legassa provide passwords now. There is certainly no "emergency."

For those reasons set forth in more detail below, the court should deny NESN's Emergency Motion.

### Procedural History and Recent Communications Between the Parties Relating to This Civil Case

NESN served written discovery requests on Legassa in the afternoon of December 23, 2022. One of the requests was an interrogatory seeking passwords to electronic devices Legassa used while employed by NESN. *See* Accompanying Affidavit of Counsel at ¶ 2.

Legassa has not yet responded to those discovery requests. By email on January 24, 2023, counsel for NESN requested a conference concerning Legassa's responses to NESN's written discovery requests. By email on January 25, 2023, undersigned counsel responded that a conference was premature because Legassa had not yet responded to the discovery requests. Counsel explained in the email that when NESN served the written discovery requests on Friday afternoon December 23, 2023, counsel was away with family for the Christmas and New Years holidays and was not working. Counsel explained that upon his return, he had to prepare for and attend a murder trial in Worcester Superior Court that concluded on January 12, 2023. Counsel then requested in the same email that, due to the fact that counsel had no time to devote to NESN's discovery request due to those family and professional obligations, NESN assent to a continuance to February 17, 2023 to respond to NESN's written discovery requests. *Id*.

NESN responded, but did not directly address undersigned counsel's request for a continuance. Undersigned counsel responded by email, asking "[d]o I need to file a motion for more time or do you assent to 2/17?" Counsel for NESN responded "[n]o need for a motion for the extension on discovery requests." *Id*.

2

Undersigned counsel took that exchange to mean that NESN assented to the requested continuance. There really is no other sensible way to interpret the exchange.

### Procedural History and Recent Communications Between the Parties Relating to The Parallel Criminal Case

In the pending parallel criminal case, Legassa moved *ex parte* and under seal for an order permitting him to serve subpoenas returnable prior to trial. The court granted the motion, noted that Rule 17(c) permitted the recipient of a subpoena to move to quash or modify the subpoena if compliance would be unreasonable or oppressive, and directed that NESN promptly file any motions to quash in order to ensure that Legassa would be able to obtain and review relevant documents without delaying trial.[1] *Id*.

Legassa served NESN with the court's order and a Rule 17(c) subpoena on January 14, 2023. By email on January 17, 2023, NESN asked for a conference to discuss the requests in the Rule 17(c) subpoena. On January 20, 2023, the parties conferred and went through every request. Legassa agreed during the conference to limit the scope of certain requests, suggest search terms, and to provide passwords for electronic devices Legassa had used at NESN so that NESN could search those devices for material responsive to the Rule 17(c) subpoena. *Id*.

Over the weekend, Legassa's counsel gave more thought to concessions he had made and by email on January 23, 2023, notified NESN that "I have changed my mind and have decided that I will insist on full compliance with each request in the Rule 17 subpoenas. I am not willing

---

[1] The court's order does not appear on the docket in the criminal case, most likely, because the motion seeking the order was requested *ex parte* and under seal. *See United States v. Legassa*, Crim. No. 22-CR-10038.

to limit any of the requests. They cover a brief 27-month period, they clearly set forth the material sought, and those materials should be easily retrievable by your clients." *Id*.

NESN responded "we'll discuss," stated it would not "look at every email and document created at the company in a 27-month period," and represented that undersigned counsel had also agreed to provide passwords. Undersigned counsel responded that Legassa "will not be providing passwords. I understand that will make it impossible to search the laptop and phone. We are fine with that." *Id*.

Legassa response was solely in the context of the parties' discussions about NESN's response to the Rule 17(c) subpoenas. Legassa's reasoning was that there is no independent obligation requiring a former employee to provide passwords to company electronic devices, providing passwords is certainly not a requirement under Crim. R. Crim. P. 17, and there is no obligation on a defendant in a criminal case with constitutional compulsory process ability. If NESN would not be able to search the devices *for material responsive to the Rule 17(c) subpoena*, then Legassa would live with that.

**Argument**

So far, the parties have conferenced only the scope of the requests set forth in the Rule 17(c) subpoenas in the criminal case. In that context, there is simply no legal requirement that Legassa provide passwords to devices he used during is employment at NESN. In that context, it is Legassa's choice whether to provide passwords, and Legassa's loss if he opts not to and NESN cannot search his devices for material responsive to the Rule 17(c) subpoena as a result.

While NESN has included an interrogatory in this case seeking disclosure of the passwords, Legassa has not yet responded. The parties have not conferenced at all or discussed in

any way NESN's written discovery requests in this case. There is no present controversy *in this case* over whether Legassa is obligated to provide his passwords. There is nothing for the court in this case to rule on with respect to passwords.

If Legassa refuses to provide passwords once he responds to NESN's interrogatory requesting them, there would be something for the court to resolve. But we are not there yet. If he agrees and provides the passwords, the issue is moot. There is no emergency, and no other legally valid reason for the court to issue any order regarding passwords at this stage of this case.

Finally, NESN apparently continues to not take Legassa at his word that he intends to aggressively litigate this civil case and that he is not afraid to respond to NESN's discovery. So far, Legassa has hid nothing. He has laid out his entire defense in detail in the counterclaim that he filed and then agreed to dismiss once NESN agreed to return assets it had tied up with trustee process. Legassa has given NESN no indication that he intends to avoid his discovery obligations in this case, or that he is seeking to take discovery without providing discovery. If that were the case, Legassa would not have opposed NESN's motion to stay this case until the criminal case is resolved. Legassa simply needs more time to respond to NESN's written discovery requests. He is far from the first civil litigant to make that request.

NESN's motion to stay shows that if any party does not want to litigate this case, it is NESN. It waited almost a full year after it filed suit to serve its discovery requests. Nobody is forcing NESN to litigate. It can file a dismissal whenever it wants. Until then, NESN should stop

misrepresenting things to the court, seeking relief for which it has identified no legal basis, and wasting limited judicial resources by claiming an "emergency" that simply does not exist.

Respectfully submitted,

ARIEL LEGASSA,
  by his attorney

/s/ *E. Peter Parker*
E. Peter Parker
  B.B.O. #552720
Law Office of E. Peter Parker
33 Bradford St
The Wheelhouse at Bradford Mill
Concord, MA  01742
(617) 742-9099
peter@parkerslaw.com


Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 26, 2023.

/s/ *E. Peter Parker*
E. Peter Parker