IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND SPORTS NETWORK, L.P., </br> Plaintiff </br> </br> v. </br> </br> ALLEY INTERACTIVE LLC (CT) </br> ARIEL LEGASSA, </br> </br> Defendants | Criminal No. 22-cv-10024-ADB |

## MEMORANDUM IN SUPPORT OF GOVERNMENT'S MOTION TO INTERVENE AND STAY DISCOVERY

The government respectfully submits this memorandum in support of its motion for leave to intervene in the above-captioned matter, and, if permitted to intervene, in support of its motion to stay portions of discovery until completion of the parallel federal criminal trial in *United States v. Ariel Legassa*, No. cr-10038-IT-1.  Trial in the criminal matter is currently set for April 3, 2023.[1] The government respectfully requests a brief and limited stay of discovery in this civil case to preserve the integrity of the impending federal criminal trial, which addresses the exact same conduct — Ariel Legassa's theft of over $575,000 from his employer, New England Sports Network ("NESN").  Specially, the government only seeks to limit the depositions of individuals that it has identified as potential witnesses in its case-in-chief until the resolution of the criminal case.[2]  NESN assents to the government's motion to intervene and motion to stay.  Legassa opposes.

---

[1] The government understands that it is possible that the defendant may move to continue the trial date based upon NESN's responses to the defendant's Rule 17(c) subpoenas.  He has not indicated whether he ultimately intends to do so, nor has a motion been filed.

[2] The government has provided defendant's counsel with a list of potential witnesses.

1

I.  **THE GOVERNMENT'S INTERVENTION IS PROPER FOR THE LIMITED PURPOSE OF MOVING FOR A STAY**

The Court should allow the government to intervene as of right under Federal Rule of Civil Procedure 24(a)(2) or in the alternative, should permit the government to intervene under 24(b). Rule 24 (a)(2) provides that "the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." *See* Fed. R. Civ. P. 24(a). To meet the standard for intervention, the proposed intervenor must demonstrate that: (i) its motion is timely; (ii) it has an interest relating to the property or transaction that forms the foundation of the ongoing action; (iii) the disposition of the action threatens to impair or impede its ability to protect this interest; and (iv) no existing party adequately represents its interest. *See Int'l Paper Co. v. Inhabitants of Jay, Maine,* 887 F.2d 338, 342 (1st Cir. 1989) (citing *Keith v. Daley,* 764 F.2d 1265, 1268 (7th Cir. 1984)). The thrust of this provision "is in the direction of allowing intervention liberally to governmental agencies and officers seeking to speak for the public interest." 7C Wright, Miller & Kane, Federal Practice and Procedure, § 1912 at 472 (3d ed. 2007).

No bright line rule exists for determining timeliness. *Geiger v. Foley Hoag LLP Ret. Plan*, 521 F.3d 60, 65 (1st Cir. 2008). Based on the narrow scope of the stay the government is seeking and the status of the civil litigation, the government's motion to intervene and stay discovery is timely. Although it has been pending for about a year, the civil litigation is in its infancy and no depositions have occurred.[3] In analyzing timeliness, the Court must look to various factors,

---

[3] Based on discussions with NESN's counsel, the government understands that until recently, depositions had not yet been noticed in this case. Further, the government believes that the parties have not exchanged documents or substantive discovery responses. As of filing, the only deposition scheduled is the defendant's, which he apparently does not oppose. The defendant has

2

including the foreseeable prejudice to the existing parties if intervention is granted, or to the intervenor if it is denied; the length of time the interest has been imperiled, and any "idiosyncratic circumstances" which weigh for or against intervention. *Id.* Here, neither party in the civil action will suffer prejudice if the Court grants the motion to intervene. Ultimately, the potential for a trial is no longer theoretical — it is scheduled to begin in approximately sixty days. The parties do not expect the case to resolve via a plea. The resolution of the criminal case may obviate the need for or narrow the scope of the civil litigation.

As discussed *infra*, the government also has an indisputable direct and substantial interest in the subject matter of this litigation, which is identical to the facts underlying the government's prosecution in *United States v. Ariel Legassa*, Case No. cr-10038-IT-1. The pending civil litigation threatens to impinge on the government's interest in the criminal case given the overlapping subject matter, looming trial date, and the fact that the government's trial witnesses are likely to be civil deponents. Without intervention, the government simply cannot protect its interest in the criminal prosecution, because it cannot weigh in on whether portions of civil discovery—namely, depositions of potential government witnesses-- should proceed. No party to the civil action is in a position to do so either.

In the event the Court does not allow the government to intervene as of right, the Court can also permit intervention "when an applicant's claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b)(2). In exercising that discretion, "the district court can consider almost any factor rationally relevant [and] enjoys very broad discretion in granting or denying the motion." (quoting *Daggett v. Comm. on Governmental Ethics & Election*

---

not agreed to refrain from noticing the depositions of the witnesses the government provided to defense counsel.

*Practices*, 172 F.3d 104, 112-13 (1st Cir. 1999)). For the same reasons discussed *infra* and *supra*, the government respectfully seeks leave to intervene for the purpose of arguing for a stay.

## II. THE COURT SHOULD TEMPORARILY STAY DEPOSITIONS TO PROTECT THE INTEGRITY OF THE CRIMINAL ACTION

If the government's motion to intervene is permitted, the Court should also grant the motion to stay. It is "clearly within the power of the district court to balance 'competing interests' and decide that judicial economy would best be served by a stay of civil proceedings." *United States v. Mellon Bank, N. A.,* 545 F.2d 869, 872-873 (3d Cir. 1976) (affirming stay); *see also Microfinancial, Inc. v. Premier Holidays Intl., Inc.*, 385 F.3d 72, 77 (1st Cir. 2004) ("It is apodictic" that federal courts have the inherent power to stay civil proceedings in deference to criminal matters). Courts generally consider certain factors when deciding whether to stay a civil case pending resolution of a criminal matter, including (a) the extent to which the civil and criminal cases overlap; (b) the public interest; (c) any potential prejudice to the civil parties if that matter is stayed; (d) the court's interest in managing dockets and resources; and (e) the status of the criminal case. *See generally Microfinancial, Inc.*, 385 F.3d at 77; *see, e.g., Keating v. Office of Thrift Superv.*, 45 F.3d 322, 324–25 (9th Cir. 1995); *Chao v. Fleming*, 498 F.Supp.2d 1034, 1041 (W.D. Mich. 2007); *Javier H. v. Garcia-Botello*, 218 F.R.D. 72, 74 (W.D.N.Y. 2003). The government's request for a brief and limited stay in this civil litigation is justified for several reasons. Not only do the facts at issue overlap, but a stay is also in the public interest, is the more efficient use of judicial resources, and will not prejudice either party.

### A. **This Action Should be Stayed Due to Near Total Overlap of Facts.**

"[T]he most important factor [in ruling on a motion to stay civil proceedings because of a pending criminal case] is the degree to which the civil issues overlap with the criminal issues." *SEC v. Nicholas*, 569 F.Supp.2d 1065, 1070 (C.D. Cal. 2008) (allowing DOJ intervention and

4

staying SEC action pending resolution of criminal case; citations omitted); *see e.g.*, *Walsh Secs., Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F.Supp.2d 523, 527 (D.N.J. 1998) (making same point); *In re Adelphia Comm. Sec. Litig.*, 2003 WL 22358819, *6-7 (E.D. Pa. May 13, 2003) (same; citing risk of inconsistent judgments in civil and criminal proceedings with overlapping facts).  As noted above, the two actions involving NESN and Legassa are substantively identical: both are predicated on the allegation that Legassa stole hundreds of thousands of dollars from NESN. Accordingly, the two cases will necessarily rely on the same key witnesses and documentary evidence.  Due to the complete overlap in the facts underlying both actions, Legassa could use the civil discovery process in a manner that impairs proper administration of the criminal case, as discussed in subpart B, *infra.*

> **B.**     **This Action Should Be Stayed Because the Public Interest Weighs in Favor of Unimpeded Resolution of the Criminal Case.**

Courts have long recognized that the interests of justice weigh in favor of staying parallel civil proceedings because of the various ways those proceedings can impede a criminal case. "Where both civil and criminal proceedings arise out of the same or related transactions the government is ordinarily entitled to a stay of all discovery in the civil case until disposition of the criminal matter."  *United States v. One 1964 Cadillac Coupe DeVille*, 41 F.R.D. 352, 353 (S.D.N.Y. 1966); *see CFTC v. Inyangudo et. al,* 21-cv-11615-RGS, Dkt. 30 (D. Mass. Jan. 20, 2022) (granting motion to stay civil case in matter involving substantial overlap of facts between civil and criminal proceeding).  A substantial overlap of facts and evidence makes the public's interest in a stay even stronger.

As the Court is aware, this principle has been followed in numerous cases, including in securities cases where criminal and SEC enforcement actions were pending at the same time. *See, e.g.*, *Wayne T. Kerr v. Jayne Carbone*, No. 1877CV01382, Dkt. 101 (Mass. Sup. Ct. July 21, 2021

5

(text order allowing government's motion to stay civil litigation in state court preliminarily, pending further conference), Dkt 105 (July 26, 2021) (granting motion to stay civil state court action when federal criminal action, *U.S. v. Jayne Carbone*, 1:20-cr-10048-RGS-1, involved overlapping facts)[4]; *SEC v. Muraca, Nanomoleculardx et. al,* 1:17-cv-11400-FDS, Dkt 63, p. 4-5 (D. Mass. Apr. 27, 2018) (granting government's motion to intervene and stay in civil case involving parallel SEC proceeding and noting "the government is not, of course, an ordinary litigant"); *SEC v. Purchasers of Secs. In Global Industr., Inc.,* 2012 WL 5505738, *3-6 (S.D.N.Y. Nov. 9, 2012) (same); *SEC v. Beacon Hill Asset Management LLC*, 2003 WL 554618, at *1 (S.D.N.Y. Feb. 27, 2003) (same).

But the public interest is even more pronounced when the civil action at issue was brought by a private litigant — here, a *victim* of the criminal defendant's theft — as opposed to another government agency. As such, the facts of this case are distinguishable from those in *SEC v. Kanodia*, 153 F. Supp. 3d 478, 484 (D. Mass. 2015), where this Court denied the government's motion to stay. *See also S.E.C. v. O'Neill*, 98 F. Supp. 3d 219, 224 (D. Mass. 2015). The Court's opinion highlighted concerns about staying civil proceedings, noting that when "the U.S. Attorney's Office and the SEC choose to bring parallel civil and criminal cases close in time to each other, then each entity must be prepared to go forward with its case on a usual schedule." *Kanodia*, 153 F. Supp. 3d at 484. The Court's opinion cited cases like *SEC v. Saad*, 229 F.R.D. 90, 91 (S.D.N.Y. 2005), stating "[i]t is strange[] . . . that the U.S. Attorney's Office, having closely

---

[4] In construing the Massachusetts Rules of Civil Procedure, Massachusetts courts "follow the construction given to the Federal rules 'absent compelling reasons to the contrary or significant differences in content." *See Baghdady v. Lubin & Meyer, P.C.*, 770 N.E.2d 513, 520 (Mass. App. Ct. 2002) (citing *Van Christo Adver. v. M/A-COM/LCS*, 688 N.E.2d 985, 989 (Mass. 1998)). Mass. R. Civ. P. 24 is virtually identical to its counterpart. A copy of the government's filing in the *Kerr* matter is available upon request.

coordinated with the SEC in bringing simultaneous civil and criminal actions against some hapless defendant, should then wish to be relieved of the consequences that will flow if the two actions proceed simultaneously." That reasoning is not applicable here and those cases are distinguishable based upon the facts of this case.

Although, as in *Kanodia*, the government's grand jury investigation is complete, this case is distinct from *Kanodia* in that the government did not choose to bring parallel civil and criminal proceedings in conjunction with another federal agency. *Kanodia*, 153 F. Supp. 3d 484 (noting "this court will always evaluate such requests [motions to stay] with an eye toward the facts and circumstances of individual cases and defendants."). Indeed, the civil litigation in this case was filed by a *victim* of the defendant's conduct, *prior* to the government's Indictment.

The reasons for the long-standing policy against allowing civil discovery when an overlapping criminal matter is open stem directly from the procedural differences between civil and criminal proceedings. As the Fifth Circuit explained in *Campbell v. Eastland*,

> The very fact that there is a clear distinction between civil and criminal actions requires a government policy determination of priority: which case should be tried first. *Administrative policy gives priority to the public interest in law enforcement. This seems so necessary and wise that a trial judge should give substantial weight to it in balancing the policy against the right of a civil litigant to a reasonably prompt determination of his civil claims or liabilities.*

307 F.2d 478, 487 (5th Cir. 1962) (emphasis added). As *Campbell* shows, for at least 50 years courts have recognized that priority should be given to the "public interest in law enforcement." *Id.*; *United States v. Hugo Key & Son, Inc.*, 672 F. Supp. 656, 685 (D.R.I. 1987) (citing "public interest" in law enforcement).

Here, the public interest weighs in favor of a limited stay of discovery. The criminal case against Legassa will proceed to trial under a specific set of discovery and procedural rules designed to balance government, victim, and personal interests. But that balance is upended, and thus the

public's and victim's rights impacted, if the defendant is able to use civil discovery to circumvent the criminal rules. *See, e.g., Beacon Hill Asset Management LLC*, 2003 WL 554618 at *1 (granting stay; "the principal concern with respect to prejudicing the government's criminal investigation is that its targets might abuse civil discovery to circumvent limitations on discovery in criminal cases"). Or, as one court has articulated it,

> It is well established that a litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit to avoid the restrictions on criminal discovery and, thereby, obtain documents [and testimony] he might otherwise not be entitled to for use in his criminal suit.

*Founding Church of Scientology v. Kelley*, 77 F.R.D. 378, 380 (D.D.C. 1977) (citations omitted).[5]

Other courts have even deemed it "abusive" to use civil discovery to circumvent criminal discovery rules. *See, e.g., United States v. Phillips*, 580 F. Supp. 517, 520 (N.D. Ill. 1984) ("This abusive tactic is an improper circumvention of the restrictions of the criminal discovery rules. Protection of the integrity of the criminal justice process fully justifies this Court's taking remedial action." (granting stay)).

A quick survey of criminal discovery procedures highlights how, in some circumstances, civil discovery effectively nullifies the rules applicable to criminal cases. For example, the Jencks Act provides that in criminal cases the statements of a government witness – such as grand jury testimony or other reports – cannot be the subject of subpoenas, discovery, or inspection until that

---

[5] *See also, e.g., Mellon Bank*, 545 F.2d at 872-873 (affirming stay; noting that "the similarity of the issues [in the civil and criminal matters] left open the possibility that [the target] might improperly exploit civil discovery for the advancement of his criminal case"); *In re Eisenberg*, 654 F.2d 1107, 1113-14 (5th Cir. 1981) (observing that allowing civil discovery to proceed would make litigant "the beneficiary of materials otherwise unavailable under the criminal rules . . . thus nullifying in effect the criminal discovery limitations"); *Ashworth v. Albers Medical, Inc.*, 229 F.R.D. 527 (S.D. W. Va. 2005) (government had discernable interest in intervening to prevent civil discovery from being used to circumvent scope of discovery in criminal matter); *Hugo Key & Son*, 672 F. Supp. at 657-59 (staying civil action in favor of environmental criminal investigation).

witness has testified on direct examination. Rule 16 specifically carves out Jencks material, warning that the rule does not "authorize the discovery . . . of statements made by government witnesses or prospective government witnesses except as provided in 18 U.S.C. § 3500 [the Jencks Act]." Fed. R. Crim. P. 16 (a)(2).

Here, potential depositions of the government's witnesses in advance of trial would create additional Jencks material, separate and apart from the material that already exists. To be clear, the government is not seeking to delay the disclosure of relevant materials. It has already provided the defendant with substantial amounts of Jencks material. But the government should not be forced to unnecessarily navigate the various issues that eve of trial civil depositions will inevitably present when the government did not file the civil lawsuit, or coordinate the filing of the civil lawsuit, as distinguished from the factual scenario outlined in this Court's opinion in *Kanodia*. *Kanodia*, 153 F. Supp. 3d at 481 (citing *SEC v. Cioffi*, No. 08–cv–2457 (FB)(VVP), 2008 WL 4693320, *1 (E.D.N.Y. Oct. 23, 2008) ("Courts are justifiably skeptical of blanket claims of prejudice by the government where—as here—the government is responsible for the simultaneous proceedings in the first place.")

### C. The Government's Request is Narrowly Tailored.

In the context of motions to stay civil proceedings, courts sometimes seek to avoid a "blanket" stay of discovery, favoring a more specific approach. *See, e.g., Beacon Hill Asset Management LLC*, 2003 WL 554618 at *2 (granting stay of Rule 26(a)(i)(A) discovery and of discovery pertaining to "any person the U.S. Attorney's Office certifies may be called as a witness in the criminal case"); *SEC v. Doody*, 186 F.Supp.2d 379, 382 (S.D.N.Y. 2002) (same). Here, the government is seeking only a limited stay of depositions of its potential witnesses.

### D. Neither Defendant Will Be Prejudiced by a Stay and the Judicial Efficiencies are Clear.

A stay is warranted for the public policy reasons summarized above. But, in addition, the proposed stay, limited in scope and duration, would not prejudice the parties. As noted above, NESN *assents* to a stay. While the defendant opposes a stay, it is not clear how the defendant would be prejudiced in either the criminal or civil case from the proposed stay. The government is aware of the court's concerns surrounding the defendant's rights as articulated in *Kanodia*. Although counsel for the defendant is best equipped to address his motivation for *opposing* the motion to stay — which would obviate the need for the defendant's deposition — to date he has not raised any concerns about his deposition proceeding.

Moreover, there are clear judicial efficiencies in granting the motion. The disposition of the criminal case could result in the resolution of this civil case which was filed prior to the grand jury's indictment. It is possible that, for example, the entry of a restitution or forfeiture order would alleviate the need for the civil litigation to continue. At a minimum, resolving the criminal case before the civil may simplify the issues to be resolved, even if civil discovery ultimately occurs. Finally, a stay of discovery alone will not prevent the defendant from pursuing a dispositive motion to dismiss or other similar relief.

### CONCLUSION

For the foregoing reasons, the government respectfully moves for permission to intervene in this case, and for a stay of discovery, specifically depositions of potential trial witnesses, pending resolution of the parallel criminal proceedings.

Dated: February 7, 2023               Respectfully submitted,

                                      RACHAEL S. ROLLINS
                                      United States Attorney

                              By:     /s/ Mackenzie A. Queenin
                                      Benjamin A. Saltzman
                                      Mackenzie A. Queenin
                                      Assistant U.S. Attorneys

## Certificate of Service

I, Mackenzie A. Queenin, hereby certify that this document was this day filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF").

Date: February 7, 2023                           /s/ Mackenzie A. Queenin
                                                 Mackenzie A. Queenin