UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND SPORTS NETWORK, L.P.,<br>    Plaintiff<br><br>v.<br><br>ALLEY INTERACTIVE LLC (CT), and<br>ARIEL LEGASSA,<br>    Defendants | Criminal No.  22-CV-10024-ADB |

**Opposition to Government's Motion to Intervene and Stay Discovery**

Defendant Ariel Legassa "Legassa" opposes the government's Motion to Intervene and Stay Discovery (the "Motion to Stay"). The government has no right to intervene under Fed. R. Civ. P. 24(a) because it cannot satisfy all of the requirements of that rule. The court should not permit the government to intervene pursuant to Fed. R. Civ. P. 24(b) because intervention will unduly delay or prejudice the adjudication of the original parties' rights - the very purpose the government seeks to intervene is to stay or delay adjudication - and because the government has not set out the claim or defense for which intervention is sought. *See* Fed. R. Civ. P. 24(b)(3) and 24(c).

Should the court permit the government to intervene, it should deny the government's motion to stay and should permit all discovery to go forward. However, if the court were inclined to allow the government's motion to delay depositions of witnesses the government anticipates calling in the criminal case, fundamental fairness would require that the court also delay the deposition of Legassa and all of his witnesses.

**Argument**

1.    **The Government is not Entitled to Intervene as of Right**

The court should not permit the government to intervene as of right pursuant to Rule 24(a)(2) because it has not shown that the disposition of this civil action could impair or impede its ability to protect a governmental interest in "the property or transaction that is the subject of this action." Fed. R. Civ. P. 24(a)(2).[1] The "property" of this action is the money NESN claims Legassa stole from it. The "transaction" is the alleged theft. The *disposition* of this action - who wins at the end of the day - cannot possibly have any bearing on the government's interest in that property or transaction. No matter who prevails, the disposition of this action would not hinder or impede in any way the government's ability to protect an interest in the property or transaction of this case.

The government does not even pretend that it is motivated by protecting the interests Rule 24 is intended to protect. It wants to control how this civil action is litigated. More to the point, the government wants to control how Legassa litigates. It is interested solely in preventing him from taking depositions of persons who may be government witnesses at trial. *See* Government's Memorandum in Support of Motion to Intervene and Stay Discovery (the "Memo to Stay") at 3 (reiterating that the reason government seeks to intervene is to "weigh in on

---

[1]    The court should also deny the government's motion for stay because it is untimely in that it was not made when the government first learned of this civil suit. *See Strahan v. Sec'y, Mass. Exec. Office of Energy & Envtl. Affairs*, Civil Action No. 19-cv-10639-IT, at *7 (D. Mass. Feb. 17, 2021) (one factor for determining timeliness of motion to intervene is "the length of time the applicant knew or reasonably should have known that its interest was imperiled before it moved to intervene"). On information and belief, the government was aware of the civil suit no later than the Feb. 17, 2022 date the indictment was returned. The government has made no showing as to why it waited almost one full year to seek to intervene.

whether portions of civil discovery - namely, depositions of potential government witnesses - should proceed"). That is not an interest Rule 24(a) recognizes as a basis for intervention as of right.

    2.    **The Court Should Not Permit the Government to Intervene**

The court should not permit the government to intervene pursuant to Fed. R. Civ. P. 24(b)(1)(B) simply because both actions share common questions of law and fact. Rule 24(b)(1)(B) requires "a *claim or defense* that shares with the main action a common question of law or fact." *See* Fed. R. Civ. P. 24(b)(1)(B) (emphasis supplied). Rule 24(c) expressly requires that the government identify the specific claim or defense for which intervention is sought. *See* Fed. R. Civ. P. 24(c) (a motion to intervene "must … be accompanied by a pleading that sets out the claim or defense for which intervention is sought"). The government has not identified in its pleadings in this case what that claim or defense might be. That failure should be fatal to permissive joinder.

Even if the court were to overlook the government's failure to comply with Rule 24(c), it should not permit the government to intervene here because intervention would unduly delay the litigation of this action in a manner that would prejudice Legassa. *See* Fed. R. Civ. P. 24(b)(3) ("Delay or Prejudice. In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties's rights"). *See also Alianza Am's. v. Desantis*, Civil Action 22-cv-11550-ADB, at *1-2 (D. Mass. Nov. 21, 2022) ("permissive intervention is 'wholly discretionary,' and a court should consider whether intervention will prejudice the existing parties or delay the action") (quoting *In re Bos. Scientific Corp. ERISA Litig.*, 254 F.R.D. 24, 33 n.82 (D. Mass. 2008) (other citations omitted).

Here, the sole purpose of the government's motion to intervene is to unduly delay this action and to prejudice Legassa. If allowed to intervene, the government will ask the court to delay discovery. But not in an even-handed manner. The government wants the court to prevent only Legassa from taking depositions. Both delay and prejudice to Legassa are the government's goals.

Read as a whole, the permissive joinder portions of Rule 24 require more than common question of law or fact. Even where, unlike here, the letter of the Rule has been met, "[t]he short of it is that a district court's discretion to grant or deny motions for permissive intervention is very broad." *Alianza Am's*, *supra* at *2 (quoting *Travelers Indem. Co. v. Dingwell*, 884 F.2d 629, 641 (1st Cir. 1989), upholding denial of motion to intervene) (other citations omitted). In *Alianza Am's*, this court denied a motion to intervene where "the Court does not believe that allowing [intervenor] to intervene will be helpful, constructive, or protect an otherwise unrepresented interest"). *Alianza Am's*, *supra*. See also *T-Mobile Ne. LLC v. Town of Barnstable*, 969 F.3d 33, 41 (1st Cir. 2020) ("a district court mulling permissive intervention is free to consider whether 'the applicants may be helpful in fully developing the case'") (citations omitted). In *T-Mobile*, the First Circuit Court of Appeals upheld the denial of a motion to intervene reasoning that "we think it evident that permitting intervention in TCA actions by parties who - like the appellants - do not appear poised to add anything of meaningful value to the litigation would unduly hinder the efficient resolution of TCA cases." 969 F.3d at 41-42 (citation omitted).

For all of these reasons, the court should exercise its discretion in favor of denying the government's motion to intervene.

### 3. The Court Should Deny the Motion to Stay

Should the court permit the government to intervene, it should deny the Motion to Stay. The court need look no further than its previous opinions in *SEC v. Kanoida*, 153 F. Supp. 3d 478 (D. Mass. 2015) and *SEC v. O'Neill*, 98 F. Supp. 3d 219 (D. Mass. 2015). *See also SEC v. Balwani*, No. 5:18-cv-01603-EJD, (N.D. CA June 14, 2019) (denying motion to stay parallel civil case and rejecting government arguments similar to those made in *Kanoida* and *O'Neill*)

The government trots out here the same arguments that this court already has twice found unpersuasive. It asserts that a stay is necessary to protect the integrity of the criminal action, would create efficiencies, would not prejudice Legassa, and would conserve judicial resources. *See* Memo to Stay at 4-10.

The court previously found that there was no threat to the integrity of the criminal prosecution where, as here, the grand jury investigation has been concluded and an indictment has been returned. *See Kanoida*, 153 F. Supp. 3d at 481; *O'Neill*, 98 F. Supp. 3d at 221. The court explained that even though "[c]ivil discovery might reveal aspects of the government's criminal case or result in inconsistent statements if witnesses are questioned more than once … exposing the government's case or testing witness recollections will not fundamentally compromise an ongoing investigation or prosecution." *Id*. at 222. *See also Kanoida*, 153 F. Supp. 3d at 481 (same, adding "This is a strategic and tactical consideration that has little to do with the public interest or the interests of the defendants"). The same is true here.

The court also previously found that any efficiencies created by a stay would unfairly inure to the plaintiff in the civil matter, to the detriment of the defendant: "a conviction in the criminal case would estop a defendant from contesting the civil enforcement action. This

5

undoubtedly would create efficiencies for the SEC, which would then be able to bring and win a case without actually having to try it or even go through the discovery process." *Kanoida* at 483; *O'Neill* at 223.

As to the government's remaining arguments regarding prejudice to a defendant and preservation of judicial resources, the court previously expressed appreciation for the government's "concern for resources and its willingness to assess prejudice on behalf of a defendant," but noted that "both assessments are undermined by the somewhat self-serving nature of the government's conclusions." *Kanoida* at 484.

Faced with this track record, the government argues that this time around its twice-rejected arguments have sway because a private party brought the parallel civil action, not a governmental body. *See* Memo to Stay at 6-7. That does not matter. The outcomes in *Kanoida* and *O'Neill* would not have been different if a private party had brought the parallel civil suit the government was attempting to stay. In denying the government's motion for a stay in both cases, the court emphasized that it was concerned about the defendant's ability to exercise his rights to litigate, if he so chose, both actions to his fullest ability. In *Kanoida*, the court put the government on notice that it "will not in any way abridge [defendant's] Kanodia's procedural rights simply to preserve SEC resources, nor will the Court permit the SEC to defer its case so as to capitalize more efficiently on a successful criminal prosecution." *Kanoida* at 483. In *O'Neill*, the court emphasized that it was "concerned about preserving [defendant's] rights. He is entitled to defend both the civil and criminal cases without the defense of either prejudicing his rights in the other"). *O'Neill* at 223. *See also Balwani, supra* at *5 (denying government motion for stay where stay would "impose undue prejudice and a significant burden" on defendant, "increase the

6

likelihood that witnesses will not be able to recall information, that they will become unavailable, or that documents may be lost," and defendant's "strong interest in being able to defend [himself] against the SEC's allegations as quickly as possible," factors that "tilt[] sharply away from granting a stay") (citations omitted).

Those overarching concerns retain full vitality whether the plaintiff in the civil suit is another branch of the government or a private litigant.

Finally, the government notes that Plaintiff New England Sports Network, LP ("NESN") assents to the motion to stay. Of course it does. NESN already filed and lost its own motion to stay. For whatever reason, NESN had made clear that it does not want to litigate a case that it brought. One surefire way to make that happen is to dismiss it. Unless and until NESN does so, Legassa will continue to navigate and "defend both the civil and criminal cases without the defense of either prejudicing his rights in the other." *O'Neill* at 223. He is the best judge of how to accomplish that.

**Conclusion**

For all of the foregoing reasons, the government is not entitled to intervene as of right pursuant to Fed. R. Civ. P. 24(a) and the court should not permit it to intervene pursuant to Fed. R. Crim. P. 24(b).

If the court were to permit the government to intervene, it should deny the Motion To Stay and should permit all discovery to go forward. However, if the court were to permit the

delay of deposition discovery from witnesses the government may call in the criminal case, it should also delay deposition discovery from Legassa and his witnesses.

Respectfully submitted,

ARIEL LEGASSA,
 by his attorney

/s/ *E. Peter Parker*
E. Peter Parker
 B.B.O. #552720
Law Office of E. Peter Parker
33 Bradford St
The Wheelhouse at Bradford Mill
Concord, MA  01742
(617) 742-9099
peter@parkerslaw.com

Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on February 16, 2023.

/s/ *E. Peter Parker*
E. Peter Parker
