UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND SPORTS NETWORK, L.P., | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil Action No. 22-cv-10024-ADB |
| | * |
| ALLEY INTERACTIVE, LLC (CT) and ARIEL LEGASSA, | * |
| | * |
| Defendants. | * |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

New England Sports Network, L.P. ("NESN") filed the instant action seeking to recover for, among other things, fraud, conversion, and misappropriation by former employee, Ariel Legassa ("Legassa"), related to the alleged theft of at least $575,000. [ECF No. 1]. Before the Court is the United States' motion to intervene and partially stay discovery until resolution of the parallel federal criminal proceedings in United States v. Ariel Legassa, No. 22-cr-10038. [ECF No. 79]; see also [ECF No. 80 (memorandum in support of motion)]. The government specifically seeks to stay the depositions of its potential witnesses for its case-in-chief until completion of the criminal trial. [ECF No. 80 at 1]. Legassa opposes the intervention and stay, but asks that if the Court partially stays discovery at the behest of the government, that it also stay the depositions of Legassa and potential witnesses for his case-in-chief. [ECF No. 81 at 1]. For the reasons set forth below, the Government's motion to intervene and partially stay discovery, [ECF No. 79], is GRANTED in part and DENIED in part.

**I.       RELEVANT PROCEDURAL HISTORY**

NESN filed this action on January 7, 2022. [ECF No. 1]. Following the filing of a

criminal complaint on January 31, 2022, United States v. Ariel Legassa, No. 22-cr-10038-IT (D. Mass) (ECF No. 1), Legassa was indicted on February 17, 2022, and charged with mail fraud (18 U.S.C. § 1341) and money laundering (18 U.S.C. § 1957), No. 22-cr-10038-IT (ECF No. 13, Indictment).  Legassa's criminal trial is scheduled to begin April 3, 2023.[1]  No. 22-cr-10038-IT (ECF No. 59).

On February 7, 2023, the government filed the instant Motion to Intervene and Stay Discovery.  [ECF No. 79].  NESN assents to the government's intervention and the requested stay.  [ECF No. 80 at 1].  Legassa filed his opposition on February 16, 2023.  [ECF No. at 81].

## II.     MOTION TO INTERVENE

The Government seeks to intervene as of right, pursuant to Fed. R. Civ. P. 24(a)(2), or alternatively, seeks permissive intervention, pursuant to Fed. R. Civ. P. 24(b), for the limited purpose of partially staying discovery pending resolution of the parallel criminal case against Legassa.  [ECF No. 80 at 1–2].  Rule 24(a)(2) provides that upon a "timely application," the Court "*must* permit anyone to intervene who . . . claims an interest relating to the . . . transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  Fed. R. Civ. P. 24(a)(2) (emphasis added).

Under Rule 24(b)(1), the court "may," on a timely motion, "permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B).  "Permissive intervention is 'wholly discretionary,' and a court should consider whether intervention will prejudice the existing parties or delay the

---

[1] Legassa has moved to continue the trial in the criminal proceeding from April 3, 2023 to October 16, 2023.  No. 22-cr-10038-IT (ECF No. 68).  In response, the government has asked that the court set a trial date between August 1, 2023 and November 15, 2023, [id. (ECF No. 74)], but the motion remains pending in another session of this Court.

action." In re Bos. Sci. Corp. ERISA Litig., 254 F.R.D. 24, 33 n.82 (D. Mass. 2008) (quoting In re Sonus Networks, Inc. Sec. Litig., 229 F.R.D. 339, 345 (D. Mass. 2005)).

Legassa argues that the government should not be allowed to intervene as of right, pursuant to Rule 24(a)(2), because the government "has not shown that the disposition of this civil action could impair or impede its ability to protect a governmental interest in 'the property or transaction that is the subject of this action[,]'" [ECF No. 81 at 2 (quoting Fed. R. Civ. P. 24(a)(2))], and the motion is untimely, [id. at 2 n.1].  Additionally, Legassa asserts that the Court should not grant the government leave to intervene pursuant to Rule 24(b)(1)(B) because the government has failed to identify a relevant "claim or defense," and the government's intervention would unduly delay the litigation and prejudice Legassa.  [ECF No. 81 at 3].

The Court finds that the government's motion is timely.  In assessing the timeliness of the proposed intervention, under either provision, the Court considers:

> (i) the length of time the prospective intervenors knew or reasonably should have known of their interest before they petitioned to intervene; (ii) the prejudice to existing parties due to the intervenor's failure to petition for intervention promptly; (iii) the prejudice the prospective intervenors would suffer if not allowed to intervene; and (iv) the existence of unusual circumstances militating for or against intervention.

Caterino v. Barry, 922 F.2d 37, 40 (1st Cir. 1990) (quoting United States v. Metro. Dist. Comm'n, 865 F.2d 2, 5 (1st Cir. 1989)).  The timeliness inquiry "is inherently fact-sensitive and depends on the totality of the circumstances."  R & G Mortg. Corp. v. Fed. Home Loan Mortg. Corp., 584 F.3d 1, 7 (1st Cir. 2009) (citation omitted).

The government could have moved to intervene as soon as it became aware of this action, as Legassa contends.  [ECF No. 81 at 2 n.1].  However, the Court finds that any delay was not unreasonable given that the government only seeks to intervene to stay specific, recently noticed depositions.  [ECF No. 80 at 1, 2 n.3]; see also SEC v. Balwani, No. 18-cv-01603, 2019 WL

3

2491963, at *2 (N.D. Cal. June 14, 2019).  Setting aside, for the moment, the motion to stay, allowing the government to intervene at this early stage of discovery will not prejudice the parties nor unduly delay the case.[2]

The Court further finds that here, where substantially the same facts underlie both the civil and criminal actions, the government arguably has an interest sufficient to warrant permissive intervention in the civil action.  Thus, the Court will exercise its discretion and grant the government's motion to intervene pursuant to Rule 24(b)(1)(B).[3]  Having allowed permissive intervention pursuant to Rule 24(b)(1)(B), the Court does not reach the parties' arguments related to intervention as of right.

### III. MOTION FOR A PARTIAL STAY OF DISCOVERY PENDING RESOLUTION OF PARALLEL CRIMINAL PROCEEDINGS

"The decision whether or not to stay civil litigation in deference to parallel criminal proceedings is discretionary."  Microfinancial, Inc. v. Premier Holidays Int'l, Inc., 385 F.3d 72, 77 (1st Cir. 2004) (citation omitted).  The "determination is highly nuanced," requires balancing

---

[2] See SEC v. Balwani, 2019 WL 2491963, at *2 ("[Defendant] argues that he has already expended resources on this Action, which has depleted the resources he has to defend against the Criminal Case. Had DOJ moved to stay this Action at its outset, he argues, then he would not have spent those resources. However, this asserted prejudice 'does not flow from the intervention, but instead from the proposed stay,' so it does not persuade the Court.") (quoting SEC v. Nicholas, 569 F. Supp. 2d 1065, 1068 (C.D. Cal. 2008).

[3] The Court declines to adopt Legassa's rigid interpretation of the "claim or defense" requirement in Rule 24(b)(1)(B), where, as here, the government seeks to intervene for the limited purpose of staying discovery.  See Ramirez Lluveras v. Pagan Cruz, No. 08-cv-01486, 2010 WL 11679649, at *3 (D.P.R. Aug. 5, 2010) (allowing Commonwealth of Puerto Rico to intervene in civil action because "the Commonwealth contend[ed] that its prosecution of three of the defendants in the parallel criminal proceedings share common questions of fact with those in th[e] civil case" and "permissive intervention under Rule 24 requires only that a party have a claim or defense that shares with the main action 'a' common question of law or fact, and the Commonwealth's claims or defenses . . . meet this low bar."); see also SEC v. Kanodia, 153 F. Supp. 3d 478, 480 (D. Mass. 2015) (granting motion to intervene for the limited purpose of moving to stay discovery); SEC v. O'Neill, 98 F. Supp. 3d 219, 221 (D. Mass. 2015) (same).

"competing interests[,]" "and an inquiring court must take a careful look at the idiosyncratic circumstances of the case before it." Id. at 78 (citation omitted). In making this determination, courts consider:

> (i) the interests of the civil plaintiff in proceeding expeditiously with the civil litigation, including the avoidance of any prejudice to the plaintiff should a delay transpire; (ii) the hardship to the defendant, including the burden placed upon him should the cases go forward in tandem; (iii) the convenience of both the civil and criminal courts; (iv) the interests of third parties; . . . (v) the public interest[;] . . . (vi) the good faith of the litigants (or the absence of it) and (vii) the status of the cases.

Id. "Another factor that . . . courts consider is the extent to which the issues in the criminal case overlap with those presented in the civil case." SEC v. TelexFree, Inc., 52 F. Supp. 3d 349, 352 (D. Mass. 2014) (citation omitted). In the First Circuit, "[a] movant must carry a heavy burden to succeed in such an endeavor." Microfinancial, Inc., 385 F.3d at 77 (quoting Austin v. Unarco Indus., Inc., 705 F.2d 1, 5 (1st Cir. 1983) ("[M]ovant must demonstrate 'a clear case of hardship' to be entitled to a discretionary stay").

The government makes several arguments in support of its motion, including that (1) given the substantial overlap in issues between the two cases, a partial stay of discovery would be in the public interest because otherwise "the defendant [would be] able to use civil discovery to circumvent the criminal rules[,]" [ECF No. 80 at 4, 7–8]; (2) a stay would be the most efficient use of judicial resources, [id. at 4, 10]; and (3) a stay would not prejudice either party, [id.]. The government also notes that its requested stay is narrowly tailored. [Id. at 9]. The Court finds none of these arguments persuasive.

First, the government asserts that without a stay, "Legassa could use the civil discovery process in a manner that impairs proper administration of the criminal case," [ECF No. 80 at 5], and cites a "long-standing policy against allowing civil discovery when an overlapping criminal

5

matter is open stem[ming] directly from the procedural differences between civil and criminal proceedings," [id. at 7]. The only specific concern the government raises, however, is that "potential depositions of the government's witnesses in advance of trial [c]ould create additional Jencks material, separate and apart from the material that already exists." [Id. at 9]. The government argues that it "should not be forced to unnecessarily navigate the various issues" that would follow civil depositions on the eve of trial, particularly where the civil lawsuit was not filed by the government. [Id.]. While the timing of these depositions may complicate the government's strategic choices going into trial, the Court finds that this alone is insufficient to meet the heavy burden for showing the need for a discretionary stay. As in Kanodia,

> [t]he Court would be more inclined to issue a stay if the pendency of the civil case threatened to compromise the integrity of an ongoing government investigation, or if having to defend both matters simultaneously compromised a defendant's ability to defend himself in either proceeding. In the instant case, however, the government's investigation appears to be complete, and charges have been brought. [The defendant] is not claiming any hardship, and in fact, to the contrary, he opposes the stay. Although it is true that civil discovery might reveal aspects of the government's criminal case, or potentially result in inconsistent witness statements if witnesses are questioned more than once, exposing the government's case or testing witness recollections will not fundamentally compromise an ongoing investigation or prosecution.

153 F. Supp. At 482.

The government claims the Court's holdings in Kanodia and O'Neill are distinguishable because this action was brought by a private litigant rather than a government agency. [ECF No. 80 at 6–7]. The Court disagrees. The Court did stress in those cases that "[t]he SEC and the U.S. Attorney's Office cannot pursue a strategy that allows them to take advantage of the benefits of dual prosecutions, but then complain when the defendants, too, find ways to benefit from the otherwise very burdensome task of having to defend on two fronts at the same time." Kanodia, 153 F. Supp. 3d at 484; see also O'Neill, 98 F. Supp. 3d at 224. While the Court

recognizes that the government did not choose to bring this civil action, it does not change the fact that there is no statute or rule of discovery that entitles the government "to insulate its witnesses from discovery or questioning in anticipation of a criminal trial." Kanodia, 153 F. Supp. 3d at 481. "[E]vidence supporting an indicted criminal case ought to be able to survive scrutiny, and the government should not be so invested in withholding information until disclosure is required—after all, the goal is a just resolution in both the civil and criminal cases, and there is no doubt that confidence in an outcome is highest where the evidence is known and can be tested." O'Neill, 98 F. Supp. 3d at 224.

Second, the government asserts that a stay of discovery in the civil case would create "efficiencies," including that the "disposition of the criminal case could result in the resolution of this civil case" as "the entry of a restitution or forfeiture order would alleviate the need for the civil litigation to continue." [ECF No. 80 at 10]. Additionally, the government contends that "resolving the criminal case before the civil may simplify the issues to be resolved, even if civil discovery ultimately occurs." [Id.]. This undoubtedly would create efficiencies for NESN, which would then be able to bring and win a case without actually having to try it or even go through much of the discovery process. However, the Court will not in any way abridge Legassa's procedural rights to preserve another private litigant's resources, nor will the Court permit NESN to defer the case it chose to bring so as to capitalize more efficiently on a successful criminal prosecution.

Third, the government maintains that staying the civil case will not prejudice NESN or Legassa. [ECF No. 80 at 10]. The Court agrees that NESN has much to gain and little to lose from the requested stay. Legassa, on the other hand, appears to want the civil case to move forward, even though his deposition could negatively impact his criminal defense, or force him

to accept an adverse inference if he chooses not to answer questions in a civil deposition. Nevertheless, he opposes the stay and has asked that the Court stay his deposition only if the Court stays the depositions of the government's witnesses. [ECF No. 81 at 1]. The Court sees no reason to override Legassa's own evaluation of the prejudice that may result from the civil case proceeding.

Finally, while courts may favor more limited stays over "blanket" stays, see [ECF No. 80 at 9], the more limited nature of the government's requested stay does not overcome the fact that it has failed to show how a stay will serve the public interest or avoid prejudice to Legassa. Additionally, while the government seeks to stay only the depositions of its potential witnesses, if the Court were to grant such a stay, it would, as a matter of equity, also stay Legassa's deposition and the depositions of his potential witnesses, thereby expanding the scope of the stay contemplated by the government.

## IV.     CONCLUSION

For the foregoing reasons, the government's Motion to Intervene and Stay Discovery, [ECF No. 79], is GRANTED in part and DENIED in part. Specifically, the government's request to intervene is GRANTED and its request for a partial stay of discovery pending the resolution of the parallel criminal proceedings is DENIED.

**SO ORDERED.**

February 21, 2023               /s/ Allison D. Burroughs
                                ALLISON D. BURROUGHS
                                U.S. DISTRICT JUDGE