UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND SPORTS NETWORK, L.P.,<br><br>Plaintiff,<br><br>v.<br><br>ARIEL LEGASSA; ALLEY INTERACTIVE LLC (CT),<br><br>Defendants. | Civil Action No. 22-CV-10024-MJJ |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56(a), Plaintiff New England Sports Network, L.P. ("NESN") moves for summary judgment on all claims— Fraud (Count I); Conversion/Misappropriation (Count II); violations of M.G.L. ch. 93A (Count III); and Fraudulent Transfer (Count IV). The Court should grant NESN's motion in short order, as Defendant Ariel Legassa ("Legassa") has already fully litigated—and lost—all issues relevant to this motion. *See generally United States v. Ariel Legassa*, No. 22-CR-10038 (D. Mass.). Indeed, a unanimous federal jury found Legassa guilty of seven counts of mail fraud, in violation of 18 U.S.C. § 1341, and three counts of unlawful money transactions, in violation of 18 U.S.C. § 1957, all stemming from the same conduct that forms the basis of this civil litigation. The doctrine of issue preclusion controls here—Legassa has been found guilty, and he cannot relitigate the same issues central to both this case and his criminal case. The Court should grant NESN's motion for summary judgment on all claims.

## STATEMENT OF MATERIAL FACTS[1]

---

[1] The material facts listed herein are set forth in the affidavit of Special Agent Brendan Donlan ("Donlan Affidavit") and the Verdict Form, which are included in Legassa's parallel criminal conduct. *See*

1. Defendant Ariel Legassa was formerly employed as Vice President of Digital at NESN, responsible for sourcing, supervising, and approving payments to vendors working on digital media projects for the company.  Donlan Aff. at ¶¶ 11-12.

2. Between December 2020 to January 2022, Legassa devised a scheme to fraudulently obtain $575,000 from the company.  *Id.* at ¶ 11.

3. As part of this scheme, Legassa negotiated a legitimate contract with a vendor, Alley Interactive LLC ("Alley NY"), to provide web services for NESN, but Legassa simultaneously created a fictitious business of the same name incorporated in Connecticut (Defendant "Alley CT") that he used to defraud NESN.  *Id.* at ¶ 13.

4. In addition to submitting invoices from the legitimate Alley NY to NESN for payment, Legassa created and submitted fraudulent invoices from his fictitious company, Alley CT.  *Id.*

5. Legassa misrepresented to NESN that Alley CT was part of a legitimate contract involving Alley NY.  *Id.*

6. Alley CT was a company that Legassa created, controlled, and had no real business purpose.  *Id.*

7. Between April 1, 2021 and November 23, 2021, NESN paid a total of $575,000 to Alley CT.  *Id.*

8. Legassa opened a bank account at Santander bank in February 2021, and he

---

*United States v. Ariel Legassa*, No. 22-CR-10038 (D. Mass.) at Doc. Nos. 1, 149.  This Court can take judicial notice of the same.  *See Kowalski v. Gagne*, 914 F.2d 299, 305 (1st Cir. 1990) ("[i]t is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand.").  Special Agent Dolan's affidavit also exists in this Court's record as Exhibit A to NESN's Notice of Supplemental Authorities In Support Of Plaintiff's Opposition To Defendant Nilda Legassa's Motion To Dismiss.  *See* Doc. No. 49.

deposited all $575,000 paid by NESN to Alley CT into this account. *Id.* at ¶¶ 16-17.

9. Thereafter, Legassa transferred a large portion of the fraudulently obtained funds from the Santander bank account to other bank accounts under his control, including at least one account in his and his wife's name at the American Broadcast Employees Federal Credit Union. *Id.* at ¶¶ 17-18.

10. On January 6, 2022, NESN confronted Legassa about the suspected fraudulent activity and fired him the same day. *Id.* at ¶ 23.

11. On or about January 10, 2022, after he had been terminated from NESN, Legassa transferred funds from one of the bank accounts under his control that contained funds originally paid by NESN to Alley CT to another bank account under his control. *Id.* at ¶ 24.

12. On November 3, 2023, Legassa was convicted of seven counts of mail fraud, in violation of 18 U.S.C. § 1341, on the approximate dates of April 1, 2021, April 27, 2021, June 15, 2021, June 24, 2021, August 24, 2021, October 5, 2021, and November 23, 2021, and three counts of unlawful money transactions, in violation of 18 U.S.C. § 1957, on or about April 16, 2021, May 11, 2021, and October 4, 2021. *U.S. v. Legassa*, No. 22-CR-10038 (D. Mass.) at Doc. No. 149.

13. On February 27, 2024, Legassa was sentenced to a total term of 42 months imprisonment and 3 years of supervised release following his imprisonment. The court also ordered restitution in the amount of $580,500.00. *Id.* at Doc. No. 172.

## LEGAL STANDARD

Summary judgment is appropriate where no genuine issue of material fact exists and the

moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The doctrine of issue preclusion, or collateral estoppel, "bars parties from relitigating issues of either fact or law that were adjudicated in an earlier proceeding." *Vargas-Colón v. Fundacion Damas, Inc.*, 864 F.3d 14, 25 (1st Cir. 2017) (citations omitted). The party asserting issue preclusion must make a four-part showing: that (1) both proceedings involve the same issue of law or fact; (2) the parties actually litigated that issue in the prior proceeding; (3) the prior court decided that issue in a final judgment; and (4) resolution of that issue was essential to judgment on the merits. *Id.* (quotations and citations omitted); *SEC v. Weed*, 315 F. Supp. 3d 667, 673-74 (D. Mass. 2018). A defendant convicted in a criminal proceeding is precluded from re-litigating the operative facts in a subsequent civil proceeding. *Weed*, 315 F. Supp. 3d at 674.

## ARGUMENT

Legassa already litigated—and lost—all issues relevant to this case. All material facts relevant to the claims at issue in this litigation, including Legassa's creation of the fictitious Alley CT, submission of fraudulent invoices, and transfer of fraudulently obtained funds into his bank account, were the same facts that led to his indictment and conviction. *See* Donlan Aff. at ¶¶ 11-18, 24. Legassa proceeded to trial in his criminal case, but on November 3, 2023, the jury unanimously rejected his defense and rendered a guilty verdict on all counts. *United States v. Ariel Legassa*, No. 22-CR-10038 (D. Mass.) at Doc. No. 149. The court entered a final judgment on February 29, 2024. *Id.* at Doc. No. 173. There is no credible dispute that resolution of the issues in Legassa's criminal case was essential to judgment on the merits.

Both the criminal proceeding in which Legassa was convicted and the civil case at issue directly pertain to the same fraudulent activities committed by Legassa. The federal government proved beyond a reasonable doubt that Legassa defrauded NESN out of $575,000. Here, NESN

asserts four squarely related claims arising out of the exact same facts already decided *against* Legassa.  Put simply, Legassa had a full and fair opportunity to litigate his case, and he lost.  The Court should grant summary judgment in favor of NESN on all claims.

## CONCLUSION

For these reasons, NESN respectfully requests the Court grant its motion for summary judgment on Count I (Fraud), Count II (Conversion), Count III (M.G.L. ch. 93A), and Count IV (Fraudulent Transfer).

Dated: February 28, 2025

Respectfully Submitted,

NEW ENGLAND SPORTS NETWORK, L.P.,

By Its Attorneys,

*/s/ Christopher M. Morrison*
Christopher M. Morrison (BBO # 651335)
cmorrison@jonesday.com
Jenna L. LaPointe (BBO #699045)
jlapointe@jonesday.com
JONES DAY
100 High Street, 21st Floor
Boston, MA  02110.1781
Telephone:+1.617.960.3939

**CERTIFICATE OF SERVICE**

I hereby certify that, on February 28, 2025, the foregoing was filed through the Court's ECF system and will be sent electronically to the registered participants, and was sent via U.S. mail to the following:

    Ariel Legassa 84414-509
    FMC Devens
    42 Patton Road
    Ayer, MA 01432

                                            */s/ Jenna L. LaPointe*
                                            Jenna L. LaPointe

**LOCAL RULE 7.1(a)(2) CERTIFICATE**

I hereby certify that is currently incarcerated, has no counsel, and could not be contacted to meet and confer regarding the issues presented in this motion.

                                            */s/ Jenna L. LaPointe*
                                            Jenna L. LaPointe